## SWAIN v. HOLYOKE MACHINE CO.

(Circuit Court of Appeals, First Circuit. September 20, 1901.)

### No. 353.

PATENTS—PRIOR PUBLIC USE—EVIDENCE OF EXPERIMENTAL CHARACTER.

Where it is shown that an inventor installed a machine embodying his complete .invention, for practical use by a purchaser, more than two years before his application for a patent therefor, the burden rests upon him to sustain a claim that such use was experimental by proofs that are full, unequivocal, and convincing; and his own unsupported testimony, given 20 years afterwards, that the installation was for experimental purposes only, is insufficient.

On Petition for Rehearing. For former opinion, see 109 Fed. 154.

Before COLT and PUTNAM, Circuit Judges, and WEBB, District Judge.

PUTNAM, Circuit Judge. I agree that the complainant's petition for a rehearing in this case should be denied, but I desire to express my special reasons for that conclusion. The opinion passed down on May 24, 1901, contained the following:

"In the case at bar the patentee has failed to show, by the clear and convincing proofs required, that the sale of the Moodus machine was for experimental use. The only evidence in support of such use. is Swain's testimony."

In this connection the opinion observed that:

"If Swain had supplemented his testimony by showing that he at once proceeded, after the Moodus machine was installed, to test its efficiency, as compared with outward-discharge machines or inward-discharge machines, without his central partition; if he had made such experiments as he has conducted since his suit was begun, or the best tests he was able to, under the circumstances,—the case would be different."

The brief supporting the petition for rehearing apparently fails to apprehend the effect of this observation. It was the usual one, that, if Swain had been able to support his testimony, and had supported it, by some concrete act, he might thus have afforded the kind of proof required to establish the proposition on which he relied. It did not necessarily have any connection with the question whether it was practically possible for him to make experiments; but it pointed out that, because he did not do so or could not do so, his oral testimony was not supplemented. His lack in that respect was the same whether it arose from inability or indisposition, so that the observation applied equally to one alternative as to the other.

The application for the patent in issue was filed on January 10, 1881, and the installment at Moodus of the machine which the complainant claims was experimental was a few days more than two years earlier. Swain testified in reference to the Moodus installation in June, 1899. This was more than 20 years after the event. The rule of law applicable under these circumstances has been positively stated in Smith & Griggs Mfg. Co. v. Sprague, 123 U. S. 249, 264, 8 Sup. Ct. 122, 31 L. Ed. 141, as follows:

"In considering the evidence as to the alleged prior use for more than two years of an invention, which, if established, will have the effect of invalidating the patent, and where the defense is met only by the allegation

that the use was not a public use in the sense of the statute, because it was for the purpose of perfecting an incomplete invention by tests and experiments, the proof on the part of the patentee, the period covered by the use having been clearly established, should be full, unequivocal, and convincing."

Under the circumstances of the case, this not only throws the practical burden on the complainant, but it also requires that the proofs offered by him should be "full, unequivocal, and convincing." The strictness with which this rule is applied, and the unwillingness of the courts to regard unsupported oral testimony, given after a lapse of many years, as constituting "full, unequivocal, and convincing" proof, are practically illustrated by the supreme court in Clark Thread Co. v. Willimantic Linen Co., 140 U. S. 481, 492, 11 Sup. Ct. 846, 35 L. Ed. 521; The Barbed Wire Patent, 143 U. S. 275, 284, 12 Sup. Ct. 450, 36 L. Ed. 154; Morgan v. Daniels, 153 U. S. 120, 14 Sup. Ct. 772, 38 L. Ed. 657; and Deering v. Harvester Works, 155 U. S. 286, 301, 15 Sup. Ct. 118, 39 L. Ed. 153; and by this court in Brooks v. Sacks, 26 C. C. A. 456, 81 Fed. 403. It is quite probable that, if this were the usual case of determining by a mere preponderance the result of a civil suit, the proofs and circumstances might take on such an aspect as to be sufficient to justify a conclusion favorable to the complainant; but, looking at the authorities which we have cited, we would not have been justified in so determining the issue of experimental use.

It is urged, however, in the brief accompanying the petition for a rehearing, that what was installed at Moodus was not the complainant's entire invention; and the petitioner relies very much on an accompanying diagram, showing the portion of the educt supplied by him, and also the portion of the old draft tube which he found on the premises. This proposition could in no event be supported, except in connection with the second claim of the patent, which was rejected as invalid. In that claim the draft tube is described as having a vertical partition throughout its entire length, and this was properly held not to contain any distinguishing feature which could be the basis of invention. The installation at Moodus did have a draft tube constructed by Swain, though connected with the portion of the old one which was already on the premises, so that in any event every element of Swain's invention was present, and the machine was complete. It is plain, therefore, that the conditions at Moodus were properly described in the opinion passed down on May 24, 1901, to the effect that a complete Swain machine was installed.