INTERURBAN RY. & TERMINAL CO. v. WESTINGHOUSE ELECTRIC
& MFG. CO.

(Circuit Court of Appeals, Sixth Circuit. March 24, 1911.)

No. 2,080.

1. PATENTS (§ 107*)—ANTICIPATION—PRIOR ABANDONED APPLICATION.
An abandoned application for a patent is not a bar to a patent to a later applicant, either as negativing novelty or as a printed publication.
[Ed. Note.—For other cases, see Patents, Cent. Dig. § 150; Dec. Dig. § 107.*]

2. PATENTS (§ 81*)—PRIOR PUBLIC USE—SUFFICIENCY OF EVIDENCE.
In order to defeat a patent by evidence of prior public use more than two years before application for the patent was made by another, the proof must be very clear and definite, and as a general proposition mere oral testimony, depending on the memory of the witnesses, without the production of any visible sign or contemporary memoranda certainly fixing the character of the alleged anticipating structure, will not be regarded as sufficient, although such rule is not inflexible.
[Ed. Note.—For other cases, see Patents, Cent. Dig. § 104; Dec. Dig. § 81.*]

3. PATENTS (§ 324*)—SUITS FOR INFRINGEMENT—PRELIMINARY INJUNCTION—REVIEW OF ORDER.
The general rule which should govern the appellate court in reviewing orders granting preliminary injunctions in patent cases is that the order will not be disturbed, unless it clearly appears that the court below has exercised its discretion upon a wholly wrong comprehension of the facts or law of the case.
[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 600–606; Dec. Dig. § 324.*]

4. PATENTS (§ 297*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION—EFFECT OF PRIOR DECISIONS.
When there has been a prior adjudication sustaining a patent and the infringement thereof in the same or in another circuit, where its validity was contested on full proofs, a Circuit Court should, on motion for preliminary injunction, sustain the patent and leave the determination of its validity to the final hearing; and the rule is more emphatic when the former decision was by a court in the same circuit.
[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 481–488; Dec. Dig. § 297.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. PATENTS (§ 306*)—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.
    Where a patent in suit has only a very short time to run, and the in-
    terruption to defendant's business may be seriously affected by the grant-
    ing of a preliminary injunction, it may be properly refused, on the giving
    of a sufficient bond to respond to any decree for damages recovered.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 500, 501; Dec.
    Dig. § 306.*
    Grounds for denial of preliminary injunctions in patent infringement
    suits, see note to Johnson v. Foos Mfg. Co., 72 C. C. A. 123.]

6. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—CONTROLLING SWITCH FOR
    ELECTRIC RAILWAYS.
    An order granting a preliminary injunction against infringement of the
    Lange & Lamme patent, No. 518,693, for a controlling switch for electric
    railways, affirmed.

Appeal from the Circuit Court of the United States for the South-
ern District of Ohio.

Suit in equity by the Westinghouse Electric & Manufacturing Com-
pany against the Interurban Railway & Terminal Company. From
an order granting a preliminary injunction, defendant appeals. Af-
firmed.

C. V. Edwards, for appellant.
L. F. H. Betts, for appellee.

Before SEVERENS, WARRINGTON, and KNAPPEN, Circuit
Judges.

SEVERENS, Circuit Judge. This is an appeal from an order grant-
ing a preliminary injunction by the court below, restraining the ap-
pellant from infringing, pendente lite, claims 13 and 14 of patent No.
518,693 granted to Lange & Lamme for improvements in controlling
switches for electric railways. The patent was issued April 24, 1894.
This patent was the subject of a former suit in equity brought by the
same complainant against the Electric Controller & Supply Company
of Ohio in the Circuit Court for the Northern District of Ohio, for
the infringement of the same claims as are herein alleged to be in-
fringed by the present defendant. In that case the validity of this
patent, so far as respects the claims 13 and 14, was upheld, and upon
proof showing infringement thereof the court entered a decree for
the complainant. The defendant appealed to this court, where, in
an opinion delivered by Judge Knappen, upon full consideration of all
the grounds alleged, particularly the former patents relied upon as
anticipating the Lange & Lamme invention, this court sustained the
validity of the invention and affirmed the decree of the lower court.
171 Fed. 83, 96 C. C. A. 187. In the present case, in addition to the
former patents shown in the former case, the defendant relies upon
newly discovered evidence, and claims that this additional evidence
is so conclusive of anticipation and former use as to satisfy the court
that these claims of the patent in suit are invalid; in other words, that
the proof of the anticipatory matter is now so complete as to show
that the lower court was in error in granting the preliminary injunc-
tion here complained of. It seems to be conceded by counsel for the

appellant that this court would not depart from its former ruling on the patent in suit without satisfactory evidence of other facts which ought to induce a different conclusion in respect to the validity of the patent, and undoubtedly that is the reasonable thing for the appellant to expect.

We come, then, to the consideration of the question, and it is really the only question presented by the case, whether in fact the showing now made is such that the court ought to reach a different conclusion and hold the patent to be invalid. The new facts principally relied upon consist of an application for a patent filed in the Patent Office by one Frank B. Rae on April 13, 1891, for an electric motor controller of an improved construction so nearly resembling that of the Lange & Lamme patent as to seriously endanger the latter patent, if Rae's application had been diligently prosecuted to the issuance of a patent thereon. But for some reason, after having rested in the Patent Office, it was abandoned and allowed to become forfeited on February 20, 1896, about five years after the application had been filed. Evidence was offered which it is claimed tends to show that, before and after this application was filed, public use was made of this invention, extending back more than two years before the filing of the application of Lange & Lamme. We will consider first the application and the filing thereof in the Patent Office.

The defendant claims that the pendency of that application at the time of the filing of the later application was sufficient to defeat the patent obtained by Lange & Lamme. But this contention cannot be maintained. It may be conceded that, if Rae had pursued his application and had obtained a patent, such a consequence might have followed. But Rae's application was not pursued. No patent was ever granted. The result was that, on the forfeiting of his application, the whole proceeding became void. There was nothing in the circumstance that it had been in the files of the Patent Office which was of a character such as to defeat the validity of the Lange & Lamme invention.

"Novelty is not negatived by any prior abandoned application for a patent. Abandoned applications for patents are not, by the statutes, made bars to patents to later applicants. They furnish no evidence that the processes or things they describe were ever made or used anywhere. Being only pen and ink representations of what may have existed only as mental conceptions of the men who put them upon paper, they do not prove that the processes or things which they depict were ever known in any country. Nor can they be classed among printed publications, for they are usually in writing, and are not published by the Patent Office." Walker on Patents (4th Ed.) c. 3, § 58.

The statute defines the circumstances required to effect such a result. The applicable provision is that of the third clause of section 4920 of the Revised Statutes (page 3395, U. S. Comp. St. 1901), which in defining the defenses which may be made to a patent says:

"(3) That it had been patented or described in some printed publication prior to his supposed discovery or invention thereof."

As has been said, an application for a patent pending in the office is not such a printed publication as the statute contemplates, and, indeed, it is not a publication at all. Then with regard to the alleged

prior use of the Rae invention. While his application for a patent is of no importance, so far as it is to be regarded as an anticipation of Lange & Lamme's invention, we think it might have value in ascertaining the character of the thing so publicly used, though its value would be somewhat impaired by the fact that the structure might have been, as is perhaps generally the case, improved after the alleged use and before the application was finally made. The settled rule is that, in order to defeat a patent by evidence of prior public use more than two years before application for a patent is made by another, the proof must be very clear and definite, and as a general proposition it has been held that mere oral evidence, depending on the memory of the witness or witnesses, without the production of any visible sign or contemporary memoranda certainly fixing and defining the character of the alleged anticipating structure, will not be regarded as sufficient. Still it has been held that this rule is not inflexible, and upon the testimony of witnesses who are shown to be familiar with the thing or matter described, if it is so definite and specific in detail as to induce the court to feel that it is treading on safe ground, the fact may be established without the production of any tangible exhibit. And in one case decided by this court the evidence, although it was based only upon the memory of witnesses, was so clear and convincing, and the familiarity of the witnesses in regard to what they were testifying about so well established, that we were satisfied beyond a reasonable doubt that the alleged anticipating structure was what it was claimed to be. American Roll-Paper Co. v. Weston, 59 Fed. 149, 8 C. C. A. 56.

In the case before us we have read with much care the testimony offered by the defendant to show the alleged prior public use. There is evidence which is satisfactory to show that some sales were made of controllers by the company with which Rae was associated, but in two important particulars the testimony is too vague and indefinite to be safely relied upon. First, in regard to the character and construction of the controllers which were sold. This company had been accustomed to make and sell, or at least to sell, machines of the kind which were in use, before the Rae invention or Lange & Lamme's and it is easy to see how, after the lapse of time, details of the machines so sold might not be accurately recollected, and the testimony upon that point seems uncertain. And, secondly, in regard to the time when the alleged use was made, the evidence is not specific, and is contradictory, so much so that we should not feel at all secure, if we were to rely upon it as fixing the time of the alleged use. We may well suppose that the court below took the same view of it, and, if it did, we have no settled conviction that the court was in error. The result is that the defense of anticipation, either by the Rae application or by the alleged prior public use, is not made out, or in respect to the matter of prior public use, not so clearly made out, that we should be warranted in reversing the order, which in the circumstances rested largely in the discretion of the court.

Several previous patents were produced, and were relied on at the hearing in the court below, which, it is said, have never been shown in any previous litigation upon this patent, and which are urged as

anticipations of the patent in suit. Those most nearly in point are two British patents, one to Johnson granted in 1875, and to Hartnell granted in 1886. The latter especially would seem to crowd the Lange & Lamme patent into close quarters; but there are differences, and upon final hearing and more critical examination it may be found that these differences are sufficient to leave ground for the patent in suit. We are not to be understood as indicating an opinion which might embarrass the Circuit Court when it reaches this point for final judgment. It is sufficient now to say that, if the lower court doubted the efficacy of these new patents to show anticipation of the patent in suit, we cannot say that such doubt was without foundation.

The rules by which the appellate court should be governed in reviewing orders for preliminary injunctions have been stated in several cases decided by this court. The general rule is that the order will not be disturbed unless it clearly appears that the court below has exercised the discretion, which it admittedly has, upon a wholly wrong comprehension of the facts or law of the case. We select the following for illustration: Thomson-Houston Electric Co. v. Ohio Brass Co., 80 Fed. 712, 26 C. C. A. 107; Loew Filter Co. v. German Am. Filter Co., 107 Fed. 949, 47 C. C. A. 94; Proctor & Gamble Co. v. Globe Refining Co., 92 Fed. 357, 34 C. C. A. 405; Paris Medicine Co. v. W. H. Hill Co., 102 Fed. 148, 42 C. C. A. 227. And when there has been a prior adjudication sustaining a patent and the infringement thereof in the same or in another circuit, where the validity of the patent has been contested upon full proofs, the Circuit Court should, upon a motion for preliminary injunction, sustain the patent, and leave the determination of the question of its validity to be determined upon the final hearing. Duplex Printing Co. v. Campbell Printing Press & Mfg. Co., 69 Fed. 250, 16 C. C. A. 220. In this case the rule was fully illustrated. For although we sustained an order for a preliminary injunction, yet on appeal from the final decree, we approved the dismissal of the bill. Campbell Printing Press & Mfg. Co. v. Duplex Printing Co., 101 Fed. 282, 41 C. C. A. 351. This rule is even more emphatic when the former decision was made by a federal court in the same circuit.

It is contended that other suits depending upon the validity of this patent, one in the Circuit Court for the Southern District of Ohio and another in the Circuit Court for the District of New Jersey, in which the Bullock Electric Manufacturing Company, which is the manufacturer of the machines used by this defendant is a party, are pending, and the court below ought not to have granted this injunction until those suits shall have been determined. But if the facts are as suggested, we are not aware of any valid legal reason why they should be regarded as sufficient to deter the court from granting an injunction when demanded by the owner of the patent.

The time during which the plaintiff's patent has yet to run is now very short, and, while we must affirm the order, we think, in view of the serious consequences which might occur to the defendant from an interruption of its business, equity will be best subserved by suspending the injunction, upon the defendant's giving a bond sufficient in

form and substance to be approved by the clerk of the Circuit Court, conditioned to satisfy all such damages as the plaintiff may sustain from the continuation of the use of the invention in the defendant's business, to be hereafter found and decreed.

The order of the court below will be affirmed, with costs, subject to the provision indicated in regard to suspending the injunction on giving bond by the defendant. If a bond is not given, the injunction may issue.