KAWNEER MFG. CO. v. VENTWELL STORE FRONT CO.

(District Court, N. D. Ohio, E. D.   October 22, 1913.)

No. 200.

1. PATENTS (§ 297*)—SUITS FOR INFRINGEMENT—PRELIMINARY INJUNCTION—EFFECT OF PRIOR ADJUDICATIONS.

Where there has been a prior adjudication sustaining a patent in a suit in the same or another circuit in which the validity of the patent was contested on full proofs, a District Court on a motion for a preliminary injunction should sustain the patent and leave the question of its validity to be determined on the final hearing.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 481–488; Dec. Dig. § 297.*]

2. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—STORE FRONT CONSTRUCTION.

The Plym patent, No. 852,450, for an improved store front construction, held valid and infringed on motion for a preliminary injunction.

In Equity. Suit by the Kawneer Manufacturing Company against the Ventwell Store Front Company. On motion for preliminary injunction. Motion granted.

Fay & Oberlin, of Cleveland, Ohio, and Parkinson & Lane, of Chicago, Ill. (R. M. See, of Cleveland, Ohio, and Wallace R. Lane, of Chicago, Ill., of counsel), for plaintiff.

Thurston & Kwis, of Cleveland, Ohio, for defendant.

DAY, District Judge. A motion for a preliminary injunction is made in this suit for infringement of United States letters patent No. 852,450, dated May 7, 1907 (application filed August 26, 1906), granted to Francis J. Plym, entitled "Improvements in Store Front Construction," embracing a new mechanical device for mounting heavy glass plates, especially adapted for use in show windows or wherever heavy plate glass has to be so mounted as to resist strains and the damage

incident to extreme atmospheric changes. The patent in controversy has been the basis of several suits for infringement. In the suit of this plaintiff against the Pittsburgh Plate Glass Company, brought in the Northern District of Illinois, Eastern Division, after a full hearing, a decree was entered in accordance with the bill. Also in the case of the Kawneer Manufacturing Company against the Ritzler Metal Manufacturing Company, of Kansas City, Mo., a consent decree was entered. Also in the case of this plaintiff against the United States Metal Products Company, a consent decree was entered in July, 1913.

[1] It is settled that where there has been a prior adjudication sustaining a patent, and the infringement thereof in the same or another circuit, where the validity of the patent has been contested upon full proofs, the District Court should, upon a motion for a preliminary injunction, sustain the patent, and leave the question of the determination of its validity to be determined upon the final hearing. Interurban Ry. & T. Co. v. Westinghouse E. & Mfg. Co., 186 Fed. 170, 108 C. C. A. 298 ; Acme Acetylene Co. v. Commercial Acetylene Co., 192 Fed. 321, 112 C. C. A. 573 ; Fireball Gas Tank & I. Co. v. Commercial Acetylene Co., 198 Fed. 651–653, 117 C. C. A. 354 ; Leeds & Catlin Co. v. Victor Talking Machine Co., 213 U. S. 301, 312, 29 Sup. Ct. 495, 53 L. Ed. 805.

[2] Regardless of this rule of law, the prior patents relied upon by the defendant do not, in my opinion, raise any question as to the validity of the patent in suit.

The patent in suit includes nine claims. The fifth, sixth, and seventh are relied upon to cover the invention. These claims are as follows:

"5. In a construction of the character described, the combination of a shelf or support, a glass plate resting edgewise thereon, means for pressing said plate yieldingly outward, a retaining strip adjustable toward or from said support or shelf and disposed at the outer side of and engaging said glass plate and provided with holes in its lower edge, and a gutter underlying the shelf or support to conduct water to the holes in the lower edge of the retaining strip.

"6. In a construction of the character described, the combination of a shelf or support, a glass plate resting edgewise thereon, a resilient gutter exerting an outward pressure on the glass plate, and a retaining strip adjustable toward or from said support or shelf and disposed at the outer side of and engaging said glass plate.

"7. In a construction of the character described, the combination of a shelf or support, a glass plate resting edgewise thereon, a resilient gutter exerting an outward pressure on the glass plate and provided with holes, and a retaining strip adjustable toward or from said support or shelf and disposed at the outer side of and engaging said glass plate and provided with holes in its lower edge."

The structure contemplated by these claims of the patent provides for a glass plate mounted on supports, in a subgutter, which extends longitudinally beneath its edge. Between what would ordinarily be the window frame or the floor of the window seat is an inner lateral resilient channel support providing another gutter above the first-mentioned gutter, extending lengthwise of the glass, its upper face fitting flatwise against the glass, and serving to retain the glass under an elastic lateral resistence and also tending to divert any moisture from the surface of

the glass into the gutter where it is out of contact with the glass. This gutter is provided with openings in its bottom, discharging in the sub-gutter below, where it passes off through certain openings in the bottom of the adjustable outer retaining strip which is a part of the structure.

The inner support, which is of resilient material, presses elastically against the inner surface of the glass near its edge, being so shaped as to present a flat face parallel to the glass of sufficient dimension to make a tight water joint. The reverse bend, which forms the inner gutter, serving also to afford the spring which enables it to press the glass yieldingly outward, when the outer retaining strip is forced toward the support and against the face of the glass by an adjusting screw. The adjustable outer retaining strip is provided with a flat face, which extends parallel of the glass, with an outwardly bent part below, which provides space for the gutter and for the vertical support or bracket within the gutter. The openings in the gutters serve for a discharge for the moisture, also to conduct the current of cool air which circulates with the lower edge of the glass, and passes through the inner gutter, where it is distributed on the back of the window face, serving to keep the glass near to the temperature of the outer air and to prevent the deposit of moisture.

The defendant's device is practically the same, although made of a different material; it being claimed by the defendant that its device is made of the same sort of steel as is used in making beams and girders. The gutter is of a slightly different form, and it is admitted in argument that the defendant's device infringes claims 5, 6, and 7 of the patent in suit, provided the gutter in defendant's device is resilient.

The sixth and seventh claims of the patent are limited to a resilient gutter, in combination with the other features of the device which lend novelty to these claims. The fifth claim, however, is not thus limited, but specifies in combination with the other elements of the claim that the back member "means for pressing said plate yieldingly outward."

From a consideration of these various definitions of "resilience" it would seem that if this back gutter or the portions forming the back wall had some spring or capacity to rebound, as such a spring would have, that it might be said to be resilient. In my opinion the back gutter of the defendant's device is resilient. It may be made of a material which requires a little more pressure to cause it to recover its position or to yield, yet, nevertheless, it is resilient, and this resiliency is an important function in the structure of the defendant. The claims in issue require that the gutter be resilient to a degree such that the resilience performs some useful function in practical use. Defendant's device includes a gutter which possesses a degree of resilience sufficient to perform a useful purpose under the conditions of practical use.

I am, accordingly, of the opinion that the defendant's device infringes a valid patent, and that a temporary restraining order or an injunction should issue.