WENDELL et al. v. AMERICAN LAUNDRY MACHINERY CO. et al.

(Circuit Court of Appeals, Third Circuit. January 17, 1918.)

No. 2303.

1. PATENTS ⬗81—VALIDITY—PRIOR PUBLIC USE—BURDEN OF PROOF.

In an attack upon a patent, the patentee may in the beginning stand upon the grant, which is prima facie evidence of the patent's validity; and the burden of overcoming this evidence of validity by proof of invalidity, because of prior public use and sale, devolves upon the one attacking the patent, which burden he must sustain by evidence so clear that it leaves no room for doubt. If he proves sale of the patented device and use by the public more than two years before the application, by evidence of this character, the statute relieves him from proving the inventor's intention thereby to abandon his invention to the public, and establishes an inference of abandonment before the grant of the patent, which unless successfully controverted by the patentee, invalidates the patent subsequently granted. The burden is then cast upon the patentee to controvert this inference by establishing by full, unequivocal, and convincing proof that such use and sale was not of the completed and commercially operative device subsequently patented, and also that such use and sale was not absolute and unconditional, but was principally and primarily for the purpose of perfecting the incomplete invention by tests and experiments.

2. PATENTS ⬗81—VALIDITY—PRIOR PUBLIC USE.

Evidence that machines of the design of a later patent were manufactured, advertised, and some 20 or 25 sold to the trade generally, prior to two years before the application for the patent, some of which machines were still in use, no changes having been made in them, except in minor details of construction, which did not affect the principle of their organization and operation, held sufficient to invalidate the patent, for prior public use.

3. PATENTS ⬗328—VALIDITY.

The Wendell patent, No. 1,137,438, for an ironing machine, held void, for prior public use of the machine for more than two years before the application.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Suit in equity by Theresa S. Wendell, administratrix of Fred C. Wendell, deceased, and The Willey Company, Incorporated, against the American Laundry Machinery Company and the Locust Laundry Company. Decree for defendants, and complainants appeal. Affirmed.

For opinion below, see 239 Fed. 555.

⬗For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

J. Bonsall Taylor and E. Hayward Fairbanks, both of Philadelphia, Pa., for appellants.

Frederick F. Church, of Rochester, N. Y., for appellees.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

WOOLLEY, Circuit Judge. This is an appeal from a decree of the District Court dismissing the plaintiff's bill charging infringement of Letters Patent No. 1,137,438, issued to the administratrix of the inventor, Fred C. Wendell. 239 Fed. 555.

Wendell was an inventor of laundry machines or ironing mangles. For some time prior to the year 1909, he had been developing the machine of the patent in suit. This machine irons and dries flat laundry work, such as sheets, pillow slips, towels, napkins, etc., and consists essentially of two steam heated rotatable drums or cylinders superposed one above the other, to which the article to be ironed is fed and over which it is carried by a series of belts or aprons, whereby the article is ironed on one side and then reversed and ironed on the other. In connection with this organization, there is means for supporting, driving and exerting pressure on the various drums, rolls and aprons.

The Willey Company, a corporation created to exploit the Wendell machine, began the manufacture, advertisement and sale of that machine in 1909, continued it through 1910 and 1911, and for a period after the death of Wendell on December 9, 1912.

As Wendell had not applied for a patent for his invention, his administratrix employed an expert machinist to develop in association with a patent solicitor the necessary matter for a patent application. On February 1, 1913, she applied for the patent which was granted later and is now in suit. She then constituted The Willey Company exclusive licensee.

The patentee and the licensee brought this action against the American Laundry Machinery Company as maker, and Locust Laundry Company as user, of a machine which they charge infringes claims 1 to 5 inclusive of the Wendell patent.

While the case covered the usual range of issues as to validity and infringement, it was principally tried and was finally decided on the single issue of the patent's invalidity because of public use and commercial sale of the patented device more than two years prior to the application for the patent. R. S. Sec. 4886. As that issue was purely one of fact, and, as determined, was conclusive of the controversy, we shall limit our inquiry to it, or rather, to the phase of it raised on the appeal.

[1] The plaintiff's exception to the decree below is not directed against the facts, which are either admitted or else proved by undisputed evidence, but is directed against the inferences which the court drew from them, raising questions of the burden of proof and sufficiency of the evidence.

The rule of burden of proof in such cases is so well established and was so fully discussed by the learned trial judge, that elaboration is not necessary. Stated very briefly, it is this: In an attack upon a

patent, the patentee may stand on the grant of letters patent, which is prima facie evidence of the patent's validity. In the beginning, no further burden is imposed upon him. The burden of overcoming this evidence of validity by proof of the patent's invalidity because of prior public use and sale, devolves upon the one attacking the patent. This he must sustain by evidence so clear that it leaves no room for doubt. Coffin v. Ogden, 85 U. S. 120, 124, 21 L. Ed. 821; Miller v. Handley (C. C.) 61 Fed. 101; Interurban Co. v. Westinghouse Co., 186 Fed. 166, 108 C. C. A. 298; Morgan v. Daniels, 153 U. S. 120, 14 Sup. Ct. 772, 38 L. Ed. 657. If he proves sale of the patented device and use by the public more than two years before the application, by evidence of this character, the statute relieves him from proving the inventor's intention thereby to abandon his invention to the public, and estab-- lishes an inference of abandonment of the invention before the grant of the patent, which, unless successfully controverted by the patentee,. invalidates the patent subsequently granted. But this inference may be controverted by the patentee, upon whom is then thrown the burden of establishing by full, unequivocal, and convincing proof that such use and sale was not of the completed and commercially operative device subsequently patented, and also that such use and sale was not absolute and unconditional, but was principally and primarily for the purpose of perfecting the incomplete invention by tests and experiments. Swain v. Holyoke Machine Co., 109 Fed. 154, 48 C. C. A. 265; Id., 111 Fed. 408, 49 C. C. A. 419; Smith v. Sprague, 123 U. S. 249, 8 Sup. Ct. 122, 31 L. Ed. 141; Delemater v. Heath, 58 Fed. 415, 7 C. C. A. 279; Egbert v. Lippmann, 104 U. S. 333, 26 L. Ed. 755; American Ballast Co. v. Davy, 220 Fed. 887, 136 C. C. A. 453. And just here arises the remaining issue as to the sufficiency of the evidence upon which the trial court found abandonment by prior public use and sale.

[2, 3] We have given very careful consideration to the evidence in this case. As a recital of it would serve no useful purpose, we shall confine ourselves to a statement of our conclusions.

The critical date is February 1, 1911, being a date two years prior to the date of the application for the patent. The defendants called the president of The Willey Company and proved by him that his corporation had advertised for sale and had sold machines of the design of the Wendell patent under the trade name of "Royal Calendar" as early as 1909, and had manufactured and sold to the trade generally between twenty and twenty-five machines before February 1, 1911. For prior public use and sale, the defendants relied upon three machines: One was installed in the Elite Laundry and paid for in 1909; another in the Cambridge Laundry in 1910; and another in the Pilgrim Laundry in the same year. They proved that these three machines had been in continuous commercial use from the dates of their installation to the hearing of this case. The plaintiff endeavored to show in rebuttal, that these machines were sold for experimental purposes, and introduced testimony that alterations were made in them at different times, that they were unsatisfactory both to the inventor and to the purchasers, and that none of the machines put out by The

Willey Company before February 1, 1911, was "an absolutely perfect machine until sometime after February 1, 1911." The alterations that were made had relation to the adjustment of aprons and the substitution of spring pressure for pneumatic pressure on the rolls, and to other details, which did not change or affect the principle of the organization and operation of the machine as subsequently patented. Therefore, within the sense of American Ballast Co. v. Davy, 220 Fed. 887, 136 C. C. A. 453, and 220 Fed. 890, 136 C. C. A. 456, and Star Mfg. Co. v. Crescent F. & S. Co., 179 Fed. 856, 103 C. C. A. 342, these alterations must be deemed merely incidental and cannot save the claims in issue from the legal effect of prior public use and sale within the meaning of the statute.

There was no evidence produced by the plaintiff from which the inference might be drawn that the machines of Wendell's design, sold to the public and used prior to February 1, 1911, were put out for experimental purposes, Elizabeth v. Paving Co., 97 U. S. 126, 24 L. Ed. 1000; or for any purpose other than that of commercial profit. In fact, the indisputable inference to be drawn from the testimony is, that the machines were advertised and sold in the ordinary course of commerce as completed machines ready for operative use in the business for which they were designed.

We are of opinion that the claims in suit are invalid, and therefore direct that the decree below be

Affirmed.