## STRAIGHT SIDE BASKET CORPORA-TION et al. v. ZAPF FRUIT PACKAGE CO.

No. 2558.

District Court, W. D. Michigan, S. D.
Aug. 13, 1935.

Arthur F. Durand, of Chicago, Ill., and Frank E. Liverance, Jr., of Grand Rapids, Mich., for plaintiffs.

Rice & Rice, of Grand Rapids, Mich., for defendant.

RAYMOND, District Judge.

Plaintiffs have brought suit for infringement of claims 1 to 7, inclusive, claim 11 and claims 14 to 18, inclusive, of patent 1,752,856, to A. H. Schmidtke, issued April 1, 1930, for "method and apparatus for making baskets", upon application filed March 25, 1926, and upon claim 2 of patent 1,895,586, to A. H. Schmidtke, issued January 31, 1933, for "basket" upon the same application. The title to the patents is in St. Joseph Iron Works, while the other plaintiff, The Straight Side Basket Corporation, has an exclusive license thereunder. Defendant contends as to both patents that the claims relied on are invalid in view of the prior art as well as of prior use, and that the claims, even if valid, are not infringed.

The basket patent was issued as the result of a divisional application required by the patent office, filed February 20, 1928. Claim 2 of the basket patent, claim 16, which is typical of the method claims of patent 1,752,856, and claim 18, which is typical of the apparatus claims of that patent, are as follows:

Claim 2 of Patent 1,895,586. "2. A container formed out of a plurality of veneer strips each comprising a bottom member and an integral pair of staves, each stave being bent up angularly to the bottom member, all of the bottom members crossing each other, and a plurality of spaced hoops secured to the outer sides of the staves one of said hoops being located adjacent the ends of the bottom members, said bottom members being bowed inwardly of the container and held from straightening out by the latter hoop."

Claim 16 of Patent 1,752,856. "16. The method of reinforcing a basket bottom of crossed panels having integral upturned extensions at the ends forming the basket side walls, which consist in arching the basket bottom and securing the lower ends of said side wall extensions within a basket-bottom embracing-hoop to maintain the bottom in its bulged condition and under tension."

Claim 18 of Patent 1,752,856. "18. In a machine for forming a basket with frusto-conical side wall and upwardly bulged bottom, the combination of co-operable basket shaping devices, one of which comprises a frusto-conical form with recess in the smaller end and the other of which has means for pressing the basket bottom into the recess of the form and holding the basket side walls against the periphery of the form, and means at the outer side of and cooperating with the smaller end of the form to secure a hoop around the basket side wall on the form substantially at the juncture of the bottom and side wall of the basket."

The common practice in manufacturing baskets, the obstacles sought to be overcome, and the principal objects of the invention claimed are stated in the application for patent 1,752,856:

"It has been the practice for a long time to make what are known as round stave baskets, using a mat such as I employ in my present invention, with the ends

turned up and secured to hoops to form the annular wall of the basket. Such baskets however, have a rounded bend of somewhat large radius where the side wall joins the bottom, and on account of this rounded bend and of the thinness of the panels which it is necessary to use, there is a tendency of the basket to yield or crush under pressure and this frequently permits the contents of the basket to be damaged, particularly in shipping and storage, as it is customary to stack the baskets one upon another. In order to avoid this objection to baskets of the round stave type above referred to, I bend the panels of the mat sharply at the juncture of the annular wall with the bottom so as to eliminate the undesirable rounded bend and thus provide a rigid straight sided annular wall which effectively resists yielding or crushing strains and protects the contents of the basket, and I also reinforce the lower end of the basket so as to hold the basket bottom rigidly in place and protect the corner or bend between the annular wall and bottom.

"The principal objects of my invention are to provide a light weight basket which is strong and rigid; to avoid yielding or crushing of the basket under pressure; to avoid the rounded bend at the bottom which has been present in baskets of the character heretofore formed from a mat similar to that used in the manufacture of my present basket; to form the bottom and annular walls from a mat which is bent abruptly at the juncture of the annular side wall and the bottom; to provide the basket with a straight sided annular wall; to form the annular wall with an abrupt bend around the lower edge affording inturned portions which are connected with or form a part of the basket bottom; to construct a straight sided basket with an integral bottom which is formed so as to elevate the contents of the basket above the supporting surface; to arch the bottom of the basket to afford strength and rigidity; to hold the basket bottom rigidly in place by a confining band; to confine the lower end of the basket and the basket bottom by means of an annular band while the bottom is arched or pressed inwardly so as to permanently retain the basket bottom substantially in the pressed in position; to protect the sharp bend around the lower edge of the basket; to simplify and improve the construction of basket; and in general, to provide an improved basket and method and apparatus for making same."

Plaintiffs say that the inventive concept of the product, machine and method claims is concerned with applying a third or bottom hoop adjacent to and around the lower end of a straight side or tub basket for the purpose of holding panels to prevent the flattening out of the bottom which is held inwardly and strengthened and reinforced to undergo the severe service to which baskets of this kind are subjected. Plaintiffs concede that all of the elements of the product are old; that basket mats are old; that forming a mat over a basket form is old; that putting hoops on baskets is old; that bending staves to make bottom and sides of baskets is old; and that stapling the hoops to the basket is old. They contend, however, that the combination of these old elements is new, resulting in a straight side basket formed from a single mat with top, bottom and middle hoops, and with arched bottom held under tension by the bottom hoop. Plaintiffs contend that this is the first basket made out of the old type of mat in which there is a bottom hoop which functions to preserve an even arch in the bottom of the basket, and that the result is great additional strength, and that these baskets supply the modern demand for containers in which perishable fruit may be shipped considerable distances by truck and thereafter stored under conditions that, in the interests of economy, require the piling of baskets on top of each other without injury to the contents.

Plaintiffs also urge that the bottom hoop strip of their product has a machine function during the process of making the basket, by bending the staves sharply over the corner of the basket form, as well as its ultimate function of maintaining the arched formation of the bottom, when the basket is loaded, thereby preventing the lower portion of the basket from bagging outward, and that no basket bottom hoop ever had this double function before—first, the function of serving as a part of the machine to bend the staves or thin splints sharply over the corner of the basket form, and, second, to form a circumscribing construction that prevents the arched bottom from sagging under the weight of the load and the lower part of the basket side wall from bagging outwardly.

Considering first, the validity of claim 2 of the product patent 1,895,586, the

conclusion of the court is that the presumption of validity which attends the granting of the claim and the wide degree of commercial acceptance of the basket entitle plaintiffs to a decree finding claim 2 valid, but with a narrowly confined scope in view of the prior art. A large number of prior art patents are cited in the answer. Defendant's chief reliance among these is White 109,983. This patent does not appear to be anticipatory. The product is obviously not an arched bottom basket; it is not made of thin splint material, and, if constructed of thin material, would not function for the same purposes contemplated in the basket in suit. None of the other basket patents cited seeks or presents a solution of the problem undertaken by Schmidtke in attempting to produce a light, economical and strong basket for shipment and storage to meet modern developments.

 Defendant's attempted defense of prior use is unsatisfactory and unconvincing. The evidence is entirely oral and unsupported by any contemporary documentary or other tangible evidence. It rests largely upon the testimony of interested witnesses. The high character of proof essential to establish such a defense has been frequently indicated by the courts. Interurban Railway & Terminal Co. v. Westinghouse E. & Mfg. Co., 6 Cir., 186 F. 166; Motor Improvements, Inc., v. General Motors Corporation, 6 Cir., 49 F.2d 543; The Barbed Wire Patent, 143 U.S. 275, 12 S.Ct. 443, 36 L.Ed. 154; Deering v. Winona Harvester Works, 155 U.S. 286, 15 S.Ct. 118, 39 L.Ed. 153.

That the scope of the claim must be narrowly confined appears not only from the state of the prior art but from the file wrapper contents which disclose that upon appeal from the final rejection of fourteen claims by the examiner, the board of appeals allowed claim 9 in the following form: "9. A container formed out of a plurality of veneer strips each comprising a bottom member and an integral pair of staves, bent angularly at each end of the bottom member, all of the bottom members crossing each other, means for uniting them at their intersections, and a plurality of spaced hoops secured to the outer sides of the staves one of said hoops being located opposite the ends of the bottom members, said bottom members being bowed inwardly of the container and held from straightening out under a load by the latter hoop." This was on October 12, 1932. On November 15, 1932, applicant requested amendment of the claim in a number of particulars, the one of importance here being substitution of the word "adjacent" for the word "opposite" in the fourth line from the bottom. The representation to procure this amendment was "that it is not absolutely essential to the invention that the hoop at the bottom of the basket be located 'opposite' the ends of the bottom members, as it would be sufficient to have the hoop located 'adjacent' to the ends of the bottom members." In its amended form, this claim 9 became claim 2, here in suit.

On the issue of infringement, the question turns upon the breadth of construction to be accorded to the word "adjacent." The word is variously defined as meaning "lying near", "close", "contiguous", or "bordering upon". The meaning of the word as used in the claim is clarified by the specifications, wherein the location and function of hoop 11 is variously stated as follows:

"I also arch the bottom and reinforce the lower end of the basket around the edge of the bottom so as to hold the basket bottom in the arched form and protect the corner or bend between the annular wall and the bottom."

"* * * to utilize the bend to protect the lower edge of the basket; * * *"

"This band or hoop 11 fits snugly around the lower end of the basket so as to hold the basket bottom in the arched form, this being conveniently accomplished by pushing the bottom inwardly and applying the bottom hoop tightly therearound while the bottom is held in the arched or concave form."

"* * * in view of the straight side construction, the arched bottom, and the protection of the bend by the bottom hoop, a much stronger and more satisfactory basket is obtained and the contents effectively protected against damage."

The specifications also call attention to the differences between the rounded bend of the panels of the mat commonly used and panels bent sharply or abruptly at the juncture of the annular wall with the bottom, the bend specified being referred to as an "abrupt" bend. The specifications place stress upon maintenance of the bowed or arched condition of the bottom members by the bottom hoop. Exhibit G, which is a basket licensed under plaintiffs' patent, illustrates the language

used in the specifications and claims. The lower portion of the bottom hoop is at or below the bottom of the basket. Nearly all the panels have been broken because of the sharpness or abruptness of the angle at which they are bent. Exhibits F and 1, baskets alleged to infringe, disclose that no arch or bowing of the bottom, as observed from the under side of the basket, has been maintained by application of the bottom hoop. No abrupt or sharp angle appears at the turn. The hoops are placed above the bottoms of the baskets a distance of one-eighth to one-fourth of an inch, a distance too great to afford protection at the angle, and apparently insufficient to preserve the bottom arch of the basket. Obviously, considerable weight is carried by defendant's basket without falling upon the lower hoop, while in baskets produced under the patent here being considered, the weight is carried by the lower edges of the bottom hoop. True, the difference in location of the bottom hoops is not great, but the difference in function, in the view of the court, is sufficiently substantial to avoid infringement. The lower hoop in defendant's basket does not hold the bottom in arched or concave form, nor does it afford protection to a panel or stave which has been fractured by abrupt or sharp bending.

■ A holding that the word "adjacent" as used in claim 2 refers to a hoop so close to the edge that it performs the various functions recited in the specifications, is unavoidable when the word is construed in the light of the specifications. In the case of Union Paper Bag Machine Co. v. Murphy, 97 U.S. 120, 125, 24 L.Ed. 935, it is said: "Except where form is of the essence of the invention, it has but little weight in the decision of such an issue, the correct rule being that, in determining the question of infringement, the court or jury, as the case may be, are not to judge about similarities or differences by the names of things, but are to look at the machines or their several devices or elements in the light of what they do, or what office or function they perform, and how they perform it, and to find that one thing is substantially the same as another, if it performs substantially the same function in substantially the same way to obtain the same result, always bearing in mind that devices in a patented machine are different in the sense of the patent law when they perform different functions or in a different way, or produce a substantially different result." These principles applied to claim 2 of the basket patent bring the conclusion that infringement has not been established.

■ Coming now to the claims of the machine and method patent relied upon by plaintiffs, the court is of opinion that the conception and production of the machine and method defined did not involve patentable invention. In view of the prior art readily available to applicant and of which he is presumed to have had knowledge, nothing more than ordinary mechanical skill was required to bring about the desired result. For many years bushel baskets have been manufactured by machines from mats consisting of an assembly of pliable crossed staves secured by a staple, this mat being compressed between a forming head and a follower, hoops being thereafter stapled to the outer side walls of the basket. In all such machines, the shape and contour of the forming head determined the shape and contour of the finished basket. When a change was desired in the shape of the basket, from one having a considerable curve of the staves to form the bottom, to one of the so-called straight side or tub type with sharp or abrupt bends in the splints, it was necessary only to replace the forming head of the old machine with one having the desired contour. The method or process follows the usual and necessary steps for producing the basket. Reed 601,778, Jackson 619,182, Brown 708,955, and Craig 828,842 make full disclosure of all that was necessary to be known of the machine and method.

Plaintiffs insist that the patentee discovered a practical and effective way of perpetuating the arched formation of the bottom of the basket at the same time leaving the way clear for proper operation of the third stapler in cooperation with the bottom hoop. The court is of opinion that substantially the same operation is shown in both Brown and Reed. The claims relied upon of patent 1,752,856 must therefore be found invalid for want of invention.

The foregoing opinion is adopted by the court as its findings of fact and conclusions of law and is hereby made a part of the record.

A decree in conformity with the foregoing opinion may be submitted for signature on or before August 30, 1935.