980 F.2d 499
 39 Soc.Sec.Rep.Ser. 517, Unempl.Ins.Rep. (CCH) P 16971A
Kay ELDRIDGE, for Benny P. and Michelle ELDRIDGE, Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Appellee.
 No. 91-3700.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Sept. 18, 1992.
Decided Nov. 20, 1992.
 
 Alan J. Nussbaum, Little Rock, Ark., argued, for appellant.
 Rebecca L. Rome, Dallas, Tex., argued (Charles A. Banks, Gayla Fuller and Rebecca L. Rome, on the brief), for appellee.
 Before McMILLIAN, WOLLMAN and LOKEN, Circuit Judges.
 McMILLIAN, Circuit Judge.
 
 
 1
 Appellant Kay Eldridge appeals from a final order entered in the District Court for the Eastern District of Arkansas affirming the decision of the Secretary of the Department of Health and Human Services to grant claims by Kathryn Reid Leach for child's insurance benefits under § 216(h) of the Social Security Act, 42 U.S.C. § 416(h). Eldridge v. Sullivan, No. PB-C-90-466, slip op. at 3, 1991 WL 325536 (E.D.Ark. Oct. 31, 1991) (Memorandum and Order). For the reasons discussed below, we reverse.
 
 
 2
 Wage earner B.P. Eldridge died in 1975, leaving his wife, Kay Eldridge (appellant), and their two children, Benny and Michelle. Appellant received survivor's benefits for her two children. On June 1, 1977, Kathryn Reid Leach filed an application for child's insurance benefits with the Social Security Administration (SSA), claiming that her two sons, Richard and Matthew Reid, were also surviving children of B.P. Eldridge. The SSA denied Leach's application initially and on reconsideration because there was no showing that Leach's children had received support from B.P. Eldridge.
 
 
 3
 On December 4, 1987, Leach filed another application, attaching statements from her family and friends attesting that B.P. Eldridge was Matthew's and Richard's father.[1] On January 27, 1988, the SSA granted Leach's second application and notified appellant that her benefits would be reduced because it had determined Matthew and Richard Reid were also surviving children of B.P. Eldridge. Leach received an award certificate, awarding her sons retroactive benefits dating from 1976. Appellant sought reconsideration of the Secretary's decision. The decision was upheld, and appellant then requested and received a hearing before an Administrative Law Judge (ALJ).
 
 
 4
 The ALJ concluded that, under Arkansas law at the time of B.J. Eldridge's death in 1975, or under current law, Ark.Code Ann. § 28-9-209 (1987), Leach's children could not have inherited B.P. Eldridge's personal property by intestate succession. The ALJ also determined that a reconsideration of this matter in accordance with the consent decree in the class action, Boatman v. Schweiker, No. 78-C-299 (N.D.Ill. Oct. 7, 1981), would not benefit Leach's children because they could not have inherited property under either Arkansas law in effect at the time of Eldridge's death in 1975 or current Arkansas law. Thus, the ALJ determined that the Leach children were not entitled to child's insurance benefits. Leach sought review by the Appeals Council.
 
 
 5
 The Appeals Council reversed the ALJ's decision, concluding that the ALJ applied the wrong legal standard. The Appeals Council, reviewing Arkansas law, determined that between April 26, 1977, and April 18, 1979, "child" status was acquired if biological paternity was proven by clear and convincing evidence. This court, in a similar case applying Missouri law, found that paternity must be proven by clear and convincing evidence, which was defined by the Missouri Court of Appeals as "that which 'instantly tilt[s] the scales in the affirmative when weighed against evidence in opposition,' and clearly convinces the factfinder that the evidence is true." Sherrill v. Bowen, 835 F.2d 166, 168 (8th Cir.1987) (per curiam) (citing In re O'Brien, 600 S.W.2d 695, 697 (Mo.Ct.App.1980)). Other courts have defined clear, convincing and cogent evidence as that evidence which admits no reasonable doubt. See Radio Corp. of America v. Radio Eng'g Labs., Inc., 293 U.S. 1, 7-8, 55 S.Ct. 928, 930-31, 79 L.Ed. 163 (1934); Devex Corp. v. General Motors Corp., 321 F.2d 234, 239 (7th Cir.1963), cert. denied, 375 U.S. 971, 84 S.Ct. 490, 11 L.Ed.2d 418 (1964); Interurban Ry. & Terminal Co. v. Westinghouse Elec. & Mfg. Co., 186 F. 166, 169 (6th Cir.1911).
 
 
 6
 The Appeals Council held that the SSA properly applied the "clear and convincing evidence of paternity" test when it granted Leach's 1987 application. Thus, Leach's children were entitled to benefits effective June 1976, because, under Arkansas law as it existed in 1977, the date of the Secretary's final decision denying Leach's initial application for benefits, an Arkansas court would have found there was clear and convincing evidence of paternity. Appellant sought judicial review in federal district court.
 
 
 7
 On cross-motions for summary judgment, the district court concluded there was substantial evidence to support the Secretary's decision. The district court agreed with the Appeals Council that the 1977 Arkansas law, requiring clear and convincing evidence of paternity, was the proper law to apply, and found that clear and convincing evidence proved that Matthew and Richard Reid were the children of B.P. Eldridge. Slip op. at 2-3. This appeal followed.
 
 
 8
 We review the grant of summary judgment de novo. E.g., Get Away Club, Inc. v. Coleman, 969 F.2d 664, 666 (8th Cir.1992); United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir.1992). We agree with appellant that the Secretary's decision is not supported by substantial evidence. Under Arkansas law in effect in 1975, the time of B.P. Eldridge's death, for a father and child to acquire the status of parent and child, the child's parents were required to marry or the father had to acknowledge the child. Under Arkansas law in effect in 1977, the time of Leach's first application for benefits, Leach had to establish her sons' paternity by clear and convincing evidence. See Lewis v. Petty, 272 Ark. 250, 613 S.W.2d 585, 586 (1981); Lucas v. Handcock, 266 Ark. 142, 583 S.W.2d 491, 495-96 (1979). The statements submitted by Leach to support her claim of her children's paternity are self-serving and unpersuasive and fail to establish paternity by clear and convincing evidence. See Lewis v. Petty, 613 S.W.2d at 586; see also McFadden v. Griffith, 278 Ark. 460, 647 S.W.2d 432, 432 (1983). The most reliable pieces of evidence produced by Leach include hearsay statements from her doctor that, at the time of Matthew's birth, Leach had told him that B.P. Eldridge was the child's father, and from her priest, that at the time Matthew was born, Leach had told him that B.P. Eldridge was the child's father. Leach also presented the hospital admission form for her hospitalization in connection with Richard's birth on which Leach falsely listed B.P. Eldridge as her husband. Under Arkansas law in effect in 1987, the time of Leach's second application for benefits, Leach had to file a claim on behalf of her sons against B.P. Eldridge's estate within 180 days of B.P. Eldridge's death to be entitled to share in his estate. See Ark.Code Ann. § 28-9-209(d) (1987). Leach did not do so.
 
 
 9
 Thus, we hold that under Arkansas law in effect in 1975, 1977, or 1987, Leach failed to establish by substantial evidence that B.P. Eldridge was the father of her children. Although there is some evidence in the record purporting to prove that B.P. Eldridge was the father of Matthew and Richard Reid, a close review of that evidence exposes it for what it is, that is, hearsay. Evidence of what the authors either had learned from others or were told by Leach without some corroboration or indicia of its truthfulness or trustworthiness is patently self-serving evidence and fails to tilt the scales in the affirmative when weighed against other evidence offered in opposition. Nor can the hearsay evidence offered in the present case even be considered substantial enough to clearly convince a factfinder that the evidence is true and admits of no reasonable doubt. Accordingly, the judgment of the district court is reversed and the case is remanded for judgment to be entered in accordance with this opinion.
 
 
 
 [1]
 Although the initial decision of the Secretary usually has the effect of res judicata on subsequent applications, Boatman v. Schweiker, No. 78-C-299 (N.D.Ill. Oct. 7, 1981) (unpublished consent order), allowed Leach to re-open this matter. In that case, the Secretary of the Department of Health and Human Services entered into a consent decree agreeing to review all denials of applications for benefits under 42 U.S.C. § 416(h)(2)(A) or § 416(h)(3) after June 26, 1976, in cases where the non-marital child had been recognized so as to give him or her inheritance rights, but was denied insurance benefits because he or she did not meet the SSA's dependency requirement