Gilberti, Appellant, *v.* Coraopolis Trust Company.

Argued March 26, 1941. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*M. J. Hosack,* for appellant

*George V. Moore,* for appellees.

PER CURIAM, April 14, 1941:

This was a bill for a decree declaring void, as procured by fraud, a deed of trust of real and personal property executed by plaintiff to defendant trust company, and for reconveyance and re-delivery of the trust property, and for an account, etc. The plaintiff is the widow of Luigi Gilberti who died January, 1938, testate, leaving his property to plaintiff, his second wife, and legacies of $5.00 each to his six children by a former marriage. These six children, who take on the death of the plaintiff, are co-defendants with the trust company. The case appears to have been most carefully considered by the learned chancellor and the court in banc, who, in the adjudication and in the opinion on exceptions, have so fully covered every phase of the case now presented on appeal that we can add nothing to what was said below. Briefly, the bill was based on averments of conspiracy of appellant's counsel, her interpreter, defendant trust company's officers and defendant children to defraud plaintiff. The findings of fact, based on evidence and not challenged * by assignments of error, not only completely negative such suggestion, but show that there was no foundation for the

---

* In appellant's brief it is said: "The argument will be confined strictly to matters of law. The facts found by the Chancellor, so far as they are involved in this appeal, are accepted; but the Court below erred in applying the law to the findings of fact."

suit. The rule is settled that to set aside an instrument on the ground of fraudulent misrepresentation, the evidence relied on to establish it must be clear, precise and indubitable: *Foley v. Wasserman,* 319 Pa. 420, 424, 179 A. 595; *Broida v. Travelers' Insurance Co.,* 316 Pa. 444, 447, 175 A. 492. As demonstrated by the opinions filed below, plaintiff failed to bring herself within the rule.

Decree affirmed, costs to be paid by appellant.