## Elliott, Appellant, *v.* Clawson.

Argued October 1, 1964. Before BELL, C. J., MUS-MANNO, JONÈS, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Edward B. Doran,* with him *David W. Cook,* for appellants.

*Ned J. Nakles,* for appellees.

OPINION BY MR. JUSTICE O'BRIEN, November 10, 1964:

Noble E. Elliott, a bachelor, lived on a 90 acre tract in Derry Township in Westmoreland County. On June 18, 1962, Noble E. Elliott signed an agreement to sell this tract to the appellees for $8,000. On June 23, 1962, Noble E. Elliott executed a deed to the appellees and the appellees signed a mortgage for the payment of $8,000 to the Estate of Noble E. Elliott, within one year after his death. The evidence indicated that the terms of the deed were dictated by Noble E. Elliott.

On July 23, 1962, after the filing of a petition, Noble E. Elliott was declared incompetent and his brothers, the appellants in this case, were appointed guardians.

Not long thereafter, Noble E. Elliott, by his guardians, brought an action in equity to have the conveyance set aside. After a hearing, the court below found that the plaintiffs-appellants failed to prove that, at the time of the transaction, Noble E. Elliott was incompetent.

It has long been the law of Pennsylvania that the evidence required to set aside a transaction on the basis of mental incompetency must be "clear, precise and convincing". There are numerous cases in which this standard is set out. *Myers Estate,* 395 Pa. 459, 150 A. 2d 525 (1959).

We have examined the record in this case with the above standard in mind and agree with the court below.

The appellants charge that the court below erred in that the evidence did establish in clear, precise and convincing fashion that Noble E. Elliott was incompetent at the time of the transaction. The appellants produced evidence that Noble E. Elliott was old, had weak eyesight and upon occasion would not know the day of the week. The appellants produced medical testimony that Elliott was incapable of handling his own affairs. However, the doctor stated that Elliott had lucid periods and that he did not examine him on the day of the conveyance. The appellants also produced evidence that the land was worth more than $8,000 and that at least $10,000 had been offered prior to the transaction. However, the record established that Elliott made a good deal. He retained a life interest of possession and in the profits from the land, and he obtained a mortgage securing his interest. He even procured an agreement from the appellees that they would pay the personal property tax which accrued by way of the mortgage.

It is, therefore, our opinion that the appellants did not prove by "clear, precise and convincing" evidence that Elliott was incompetent at the time of the conveyance.

The appellants argue that the appellees were in a confidential relationship to Elliott and must therefore act in the utmost good faith. The evidence, however, indicates that the appellees at all times acted in an arms length manner and in no way violated a confidential relationship, assuming that such a relationship existed. The evidence further shows none of the indications of a confidential relationship but only a pure business type of relationship.

The final point raised by the appellants is that they are entitled to a further hearing on the matter because of "after-discovered evidence". The after-discovered evidence to which appellants refer is (1) evidence that

there is coal underlying Elliott's land, and (2) Elliott was drinking beer contrary to doctor's orders on the day the deed was signed, and (3) Elliott would ask his niece about friends long deceased. All of this evidence could have been discovered prior to the hearing had a diligent investigation been made. In addition, it is our opinion that with the addition of this after-discovered evidence, the Chancellor could still have properly found that the evidence was not "clear, precise and convincing".

Decree affirmed, appellants to bear costs.

Mr. Justice Cohen and Mr. Justice Roberts dissent.