## Murdoch, Appellant, *v.* Murdoch.

Argued April 26, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Ivan Michaelson Czap* and *Henry D. O'Connor,* for appellant.

*Erwin Miller,* with him *William L. Matz,* and *Zoob, Cohan & Matz,* for appellee.

Opinion Per Curiam, May 27, 1965:

Henrietta C. Murdoch filed a complaint in equity against John P. Murdoch, brother of her deceased husband, alleging that he had fraudulently induced her to exchange her 49% of the stock of the John P. Murdoch Company for 49% of the stock of a newly-to-be-formed corporation with only a part of the assets of the John P. Murdoch Company. After answer filed by the defendant, and reply thereto filed by the plaintiff, followed by the taking of depositions, the respective attorneys entered into negotiations which resulted in a settlement whereby $20,000 was to be paid to the plaintiff for her stock in the new corporation and $16,500 for the release executed by her individually and as executrix, running to the defendant and to the two corporations. The settlement was completed on January 17, 1958 with payment of the total sum of $36,500, whereupon her attorneys marked the docket "Settled, Discontinued, and Ended."

Four and a half years later, however, on July 11, 1962, the plaintiff petitioned the court to set aside the order marking the case settled, discontinued and ended, and to order the case to be reopened for trial. She averred, inter alia, that when she agreed to compromise her claim, on the advice of her attorneys, financial information (which she received following the settlement) on the status of the John P. Murdoch Company had not been disclosed to her or to her attorneys; that it was not until the pendency of certain federal income tax proceedings regarding payment made to her in settlement that the financial statements of the Murdoch Company became available and that, based upon the figures thus ascertained, her claim of 49% of the old company and 49% of the new corporation should amount to $157,170.45. She stated further that the defendant breached a duty to her in not apprising her of this information because of the close family relationship existing between them.

She averred further that the attorneys who represented her in her cause of action in equity had been attorneys (with regard to a personal matter) for the former counsel of the defendant in that cause of action, thus advancing an inference of conflict of interests on the part of her then counsel.

The defendant filed an answer denying the material averments of the petition and depositions were taken. After due consideration the court below discharged the rule that had been entered on the petition, finding it to be without merit.

It is clear in our review of the case that the lower Court acted properly. The plaintiff did not meet the burden of proof resting on her to prove by clear, precise and convincing evidence that she was induced into her settlement by fraud, mistake or imposition: *Sterling v. Peterson,* 409 Pa. 435, 440; *Kadilak Will,* 405 Pa. 238.

Moreover, the means of acquisition of the information allegedly denied the plaintiff were open equally to both parties. *Emery v. Third National Bank of Pittsburgh,* 308 Pa. 504, 512.

During the course of the settlement negotiations, the plaintiff was represented by eminent and respected counsel. Her allegations suggesting inefficiency or disloyalty on the part of her counsel were not supported by the evidence adduced.

The order of the court below is affirmed; each party to bear own costs.