337 A.2d 592
**In re ESTATE of Gertrude FICKERT, Deceased.
Appeal of Joseph J. LORD et ux.**

Supreme Court of Pennsylvania.
Argued Jan. 14, 1975.
Decided May 13, 1975.

Nix, J., did not participate.

654

Anthony C. Falvello, Michael J. Hudacek, Plymouth, Conrad A. Falvello, Falvello, Ustynoski, Giuliani & Bernstein, Hazleton, for appellants.

Harry R. Hiscox, Rosenn, Jenkins & Greenwald, Wilkes-Barre, for appellee, Walter Platt Smith, III.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

■ This is an appeal from a decree holding certain portions of a will invalid on the ground that those portions had been procured by the use of undue influence.[1] Appellant claims 1) that certain instructions given to the advisory jury were erroneous and confusing and 2) that the evidence is insufficient to support the finding of undue influence. We affirm.

We are unsure that erroneous jury instructions could ever be a basis for reversal in this type of case. Section 777 of the Probate, Estates & Fiduciaries Code, 20 Pa.C.

1. Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, § 202(2), 17 P.S. § 211.202(2) (Supp.1974) is the source of our jurisdiction.

S. § 777 (Special Pamphlet, 1972), provides, in pertinent part:

"(c) When a contest shall arise concerning the validity of a writing alleged to be testamentary, or concerning any matter other [not covered by certain provisions not relevant here], the orphans' court division in its discretion . . ., may impanel a jury to decide any question of fact, but the verdict of the jury shall be advisory only."

▪ The statute confers no right to jury trial and the jury verdict is only advisory. Consequently, it is doubtful that any error in instructing the jury would ever be prejudicial error. Appellant offers no authority for the proposition that a reversal can be predicated on such an error and our own research has discovered none. However, we need not decide this point to dispose of this case.

▪ Appellant contends that part of the charge was confusing and erroneously instructed the jury on the burden of proof.[2] However, appellant's objection was

2. The challenged portion of the charge read as follows:
  " . . . If at that time you would find that Gertrude Fickert suffered from a weakened mind and that Joseph J. Lord was instrumental in procuring the execution of the Fickert Will on October 1, 1969, then it's up to you to determine that the burden of proving the Will of October 1, 1969, was executed free from any other influence. In other words, the burden at that time shifts to the other side. Am I confusing you. What I am saying here is if you believe that Gertrude Fickert was suffering from a weakness of the mind on October 1, 1969, and at that time that Joseph J. Lord was instrumental in procuring the execution of this will, then you will have to judge whether that burden has been overcome by the Proponents in this case. Mr. Hudacek is representing the Proponents and the Contestants are represented by Mr. Hiscox. Is there any questions that you would like to ask me?
  "By a Juror: When you say that the burden lies with the proponent, would you explain that portion of it?
  "By the Court: When I say that, I mean the burden of proof from their witnesses or from any of the other witnesses. Their burden is to prove that that is not so. That there was not undue influence."

not timely presented to the orphans' court. Exceptions to the charge must be presented before the jury retires. Pa.R.Civ.P. 227(b), 12 P.S. Appendix. Of the three points for charge relied upon by appellant as presenting his claim to the orphans' court, two related to testamentary capacity, an issue resolved favorably to appellant below and not before this Court. The third read: "Testimony which reveals nothing but the existence of suspicion or conjecture of undue influence does not constitute probative fact." Clearly this does not raise the issue which appellant now seeks to present. Consequently, this claim is waived. *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974); *Dinio v. Goshorn*, 437 Pa. 224, 228, 270 A.2d 203, 205–06 (1970).

■ Appellant also contends that the evidence was insufficient to support the finding that the portions of the will benefiting him were procured by undue influence. Appellee (the contestant) offered no direct evidence of undue influence, but rather sought to use indirect evidence to raise a presumption of undue influence and thereby shift the burden of proof on this issue to appellant (the proponent of the will). In *Estate of Clark*, 461 Pa. 52, 334 A.2d 628 (1975), we recently clarified the requirements for raising such a presumption. There we held that the contestant must establish by clear and convincing evidence that 1) when the will was executed the testator was of weakened intellect, and 2) that a person in a confidential relationship with the testator 3) receives a substantial benefit under the will. Id. at 57, 334 A.2d at 632 (opinion of Jones, C. J., announcing the judgment) & id. at 67, 334 A.2d at 635 (concurring opinion by Roberts, J., joined by Pomeroy, Nix & Manderino, JJ.). Appellant contends that the evidence was insufficient to raise the presumption.

"In passing upon the issues of testamentary capacity and undue influence our scope of review is limited and

restricted. The findings of fact of a chancellor, approved by the court en banc, are controlling provided such findings are based upon legally competent and sufficient evidence and our scope of review is to determine whether the findings of fact are supported by sufficient evidence and whether the court below committed an error of law or abused its discretion. . . . Moreover, in reviewing the proceedings in the court below, we do not pass upon or determine the credibility of the witnesses; that is a matter for the chancellor, not for this Court . . . ."

*Abrams Will,* 419 Pa. 92, 101, 213 A.2d 638, 643 (1965); *Holtz Will,* 422 Pa. 540, 547, 222 A.2d 885, 889 (1966); *Dettra Will,* 415 Pa. 197, 201, 202 A.2d 827, 830 (1964). We must therefore view the record in the light most favorable to appellee.

▆▆ While there are sharp conflicts in the testimony, this does not preclude a finding by the orphans' court that contestant has met his burden of producing clear and convincing evidence. In *La Rocca Trust,* 411 Pa. 633, 640, 192 A.2d 409, 413 (1963), we defined clear and convincing evidence as follows:

"[T]he witnesses must be found to be credible, that the facts to which they testify are distinctly remembered and the details thereof narrated exactly and in due order, and that their testimony is so clear, direct, weighty, and convincing as to enable the jury to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue. . . . It is not necessary that the evidence be uncontradicted . . . , provided it 'carries a clear conviction to the mind' . . . or carries 'a clear conviction of its truth . . . .' "

Accord, *Thomas v. Seaman,* 451 Pa. 347, 351, 304 A.2d 134, 137 (1973); *Broida v. Travelers Insurance Co.,* 316 Pa. 444, 448, 175 A. 492, 494 (1934).

■ We have examined the record in light of these standards and conclude that there was ample evidence to support the findings of the chancellor that the evidence raised a presumption of undue influence which appellant failed to rebut.

Decree affirmed. Each party pay own costs.

NIX, J., did not participate in the consideration or decision of this case.