## Eli McFADDEN v. Mary GRIFFITH

82-248                                          647 S.W.2d 432

Supreme Court of Arkansas
Opinion delivered February 28, 1983
[Rehearing denied April 4, 1983.]

*Kaplan, Hollingsworth & Brewer, P.A.,* by: *Philip E. Kaplan* and *Karen L. Arndt,* for appellee.

*Haskins & Wilson,* by: *Robert B. Buckalew,* for appellee.

GEORGE ROSE SMITH, Justice. On December 30, 1964, the appellee, Mary Griffith, had a son, Tony Jerome McFadden, born out of wedlock. In this bastardy proceeding, filed in 1980, the trial court found that the appellant, Eli McFadden, is the father of the child. The judgment also awarded child support for the preceding three years. For reversal it is primarily argued that the judgment is clearly against the preponderance of the evidence. A subordinate theory, that any award of support money is barred by limitations, was rejected in *Dozier* v. *Veasley,* 272 Ark. 210, 613 S.W.2d 93 (1981), and need not be discussed further.

The mother testified that she had sexual relations with Eli McFadden and with no one else from 1962 until 1966. She also testified that McFadden recognized the child as his, visited the child at the hospital, bought clothing, a high chair, milk, and other things for the baby, and gave the mother $15 or $20 a week. In 1966 McFadden married and went to California, but when he returned 14 years later he brought his own daughter to see Tony and also bought clothing for Tony. The appellee's testimony was corroborated to some extent by her mother and by Tony himself. McFadden admitted having had sexual relations with the appellee for a year and a half beginning in 1962, but he said they had a falling out for a year (during which Tony was conceived), after which their relationship was resumed. He denied having done anything at all for the child.

In his argument for reversal the appellant cites cases such as *Lewis* v. *Petty,* 272 Ark. 250, 613 S.W.2d 585 (1981), where we held that one who claims to be the illegitimate child of a deceased person, and on that basis to share in the decedent's estate, must prove his claim by clear and convincing evidence. That standard of proof is required, however, because in such cases the death of the man charged with having fathered the claimant has deprived the estate of its most valuable witness. Indeed, as in *Christman* v. *Jones,* 254 Ark. 936, 497 S.W.2d 14 (1973), our statutes have often required that the claimant in such a situation prove speci-

fied corroborative facts, one being that the decedent recognized the claimant as his child.

By contrast, our cases do not indicate that in a bastardy proceeding like this one, brought against a living putative father, the mother's burden of proof is anything more than a mere preponderance of the evidence. That rule naturally follows from the fact that a bastardy proceeding, even when brought in the name of the state, is a civil proceeding, not a criminal one. *Eveland* v. *State, for Use of Fossett,* 189 Ark. 517, 74 S.W.2d 221 (1934). In the case at bar the trial court's judgment, far from being clearly erroneous, is in our oinion supported by the weight of the evidence.

Affirmed.