[Civ. No. 28452. Fourth Dist., Div. One. Apr. 9, 1984.]

LAURA ANN WALSH, Plaintiff and Appellant, v.
STEVEN PHILLIP PALMA, Defendant and Appellant.

**COUNSEL**

Edwin L. Miller, Jr., District Attorney, Peter C. Lehman and Anthony Lovett, Deputy District Attorneys, for Plaintiff and Appellant.

Richard Pray for Defendant and Appellant.

## Opinion

**BROWN (Gerald), P. J.**—Plaintiff Laura Walsh appeals a judgment after jury trial favoring defendant Steven Palma on her complaint to establish paternity of her minor child Neil. Steven cross-appeals an order denying his claim for costs against the County of San Diego.

While separated from her husband John, Laura began dating Steven in early 1978. In July 1978 Laura became pregnant after indulging many times with Steven and to some extent with at least one other man in "that bond by which nature in its ingenious telepathy has contrived to secure and render agreeable the perpetuation of the species."[1] In March 1979 Laura's divorce from John became final. On April 16, 1979, Neil was born.

In January 1980 the San Diego County District Attorney on Laura's behalf sued Steven to establish Neil's paternity. Answering Laura's complaint, Steven denied he was Neil's father.

At trial the parties presented conflicting evidence about the dates they had sexual relations, their use of contraceptives, their statements during Laura's pregnancy about the baby's paternity and the statistical probability Steven was Neil's father suggested by blood test results. After trial the jury found Steven was not Neil's father. Laura appeals, claiming instructional error.

Laura asked the court to tell the jury she had the burden of establishing by a preponderance of the evidence all facts necessary to prove Steven was Neil's father (BAJI No. 2.60). Steven asked the court to tell the jury: "In this case the evidence shows that plaintiff Laura Walsh was married to John Walsh until March 3, 1979. A man is presumed to be the natural father of a child if he and the child's natural mother are or have been married to each other, and the child is born during the marriage or within three hundred days after the marriage is terminated by divorce. It is plaintiff's burden to rebut this presumption, and it may be rebutted only by clear and convincing evidence." (Civ. Code, §§ 7004, subd. (a)(1) and subd. (b).)

The court did not give either requested instruction. Instead, after chambers conferences with counsel, the court told the jury: "The instruction that I am about to give you, ladies and gentlemen, has to do with the delineation

---

[1] F. E. Smith, debate in the House of Commons on the 1920 Matrimonial Causes Act.

of the issues in the case and the burden of proof. I started out in this case at the very beginning when I first talked to you about your qualifications, speaking to you of the difference between the burden of proof that exists in a civil case and the burden in a criminal case. My thinking at that time was that this being a civil case, that the burden of proof was the normal one that it is in a civil case, and that is preponderance of the evidence. And with that misunderstanding on my part, I talked to you in the voir dire examination about that basic concept. I want to point out to you now that that talking having to do with the burden of proof, preponderance of the evidence, and what I told you about, that was an error so far as its application to this case is concerned, and I will make that clear to you in this instruction, I think.

"In this action the plaintiff has the burden of establishing by clear and convincing evidence all of the facts necessary to prove the single issue in this case; and that is that the defendant, Steven Palma, is the father of the child, Neil Allen Walsh. In other words, the burden is not preponderance of the evidence, but clear and convincing evidence.

"By 'clear and convincing evidence,' it is meant clear, explicit and unequivocal, so clear as to leave no substantial doubt or sufficiently strong to command the unhesitating assent of every reasonable mind. In determining whether an issue has been proved by clear and convincing evidence, you should consider all of the evidence bearing upon that issue regardless of who produced it."

■ In a suit to establish paternity, the plaintiff must prove by a preponderance of the evidence the defendant is the father of the child (*Huntingdon v. Crowley* (1966) 64 Cal.2d 647, 651 [51 Cal.Rptr. 254, 414 P.2d 382]). Laura contends the court prejudicially erred in telling the jury she must prove paternity by clear and convincing evidence. Steven concedes such instruction was incorrect and the court should have given both Laura's requested instruction on the general burden of proof and his requested instruction on Civil Code section 7004's presumption of paternity. However, Steven asserts the erroneous instruction did not prejudice Laura and Laura waived any right to assert such error on appeal.

Steven contends Laura waived any right to challenge the erroneous instruction on appeal by not specifically objecting at trial to such instruction, not proposing proper instructions herself and leading the court into such error by objecting to Steven's proper instruction about Civil Code section 7004's presumption. However, Steven points to nothing in the record or law supporting such contentions. Contrary to Steven's assertion, Laura offered the correct instruction about the standard of proof but the court re-

jected such instruction. Nothing in the record suggests Laura's objecting to Steven's proposed instruction about the presumption caused the court to give its erroneous instruction; to the contrary, the record suggests the court gave its erroneous instruction because the court misunderstood the effect of section 7004's presumption. Further, the record suggests Laura in fact objected to the instruction eventually given by the court. Before argument counsel discussed jury instructions with the court in an unreported chambers conference. After counsel argued to the jury and the court instructed the jury, the court described such unreported chambers conference for the record: at the chambers conference Laura's attorney offered BAJI No. 2.60; Steven's attorney said preponderance of the evidence was not the proper burden of proof and offered instructions about the presumption and the definition of clear and convincing evidence; the judge said given uncontroverted evidence establishing facts giving rise to the presumption he saw no point in instructing on presumptions and would instead merely tell the jury the burden of proof would be clear and convincing evidence; the judge said he would simply define clear and convincing evidence. The court also described for the record another unreported chambers conference occurring after argument but before the court instructed the jury: at such chambers conference Laura's attorneys were concerned about the burden of proof and requested the original preponderance instruction; after a half-hour discussion the judge said he thought the Uniform Parentage Act applied and his thinking about the propriety of the instruction was the same. On this record we cannot say Laura invited the erroneous instruction about the standard of proof or in any manner waived her right to assert such error on appeal.

Asserting Laura did not produce clear and convincing evidence rebutting the presumption John Walsh was Neil's father or prove the remainder of her case by a preponderance of the evidence, Steven contends Laura was not prejudiced by the court's erroneously telling the jury she must prove by clear and convincing evidence Steven was Neil's father. However, on this record the jury could reasonably find Laura presented sufficient evidence to rebut the presumption. Laura was separated from John at the time Neil was conceived. During cross-examination Laura testified she had sexual relations during the likely conception period with Steven and another man she named; she did not mention her estranged husband John. Further, once Laura rebutted section 7004's presumption, she had to prove by only a preponderance of the evidence Steven was Neil's father. However, the court's erroneous instruction greatly increased Laura's burden in proving Steven was the father. A review of the entire record shows the parties presented conflicting evidence about the dates they had sexual relations, their use of contraceptives, their statements during Laura's pregnancy about the baby's paternity and the statistical probability Steven was Neil's father suggested by blood test results. Given such conflicting evidence, it is rea-

sonably likely the jury would have reached a verdict favorable to Laura if the court had properly instructed the jury about her burden of proof.

Steven contends the plaintiff in a paternity case should have the burden to establish all necessary facts by clear and convincing evidence where, as here, the district attorney prosecutes such case for the direct benefit of a public entity. However, California law is clear a plaintiff in a disputed paternity proceeding need only prove by a preponderance of the evidence the defendant is the child's father (*Huntingdon* v. *Crowley, supra,* 64 Cal.2d 647, 651; see also *Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937]).

The judgment is reversed. The cross-appeal is dismissed.

Cologne, J., and Butler, J., concurred.