J-A34042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| T.B. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| R.J. | |
| Appellant | No. 1045 MDA 2015 |

Appeal from the Order Entered April 16, 2015
In the Court of Common Pleas of Bradford County
Civil Division at No(s): 97 FC 000 714

BEFORE:  PANELLA, J., OTT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED JANUARY 28, 2016**

Appellant R.J. appeals *pro se* from the order entered in the Bradford County Court of Common Pleas, which denied his motion for DNA testing to determine whether he is the biological father of A.B. ("Child").  We affirm.

The relevant facts and procedural history of this appeal are as follows.  On August 25, 1997, Child was born to T.B. ("Mother"), who was unmarried and fourteen years old at the time.  On October 29, 1997, Mother's mother ("Grandmother") filed a complaint for child support against Appellant.  On March 11, 1998, the parties signed an agreement for support of Child that provided Appellant was to pay $29.00 per week in child support.  On March 19, 1998, Appellant signed an acknowledgment of paternity form ("AOP") that stated he was the father of Child and that he waived his rights to

genetic testing, a trial, and counsel to represent him on the issue of paternity.

On November 5, 2014, Appellant filed a motion to demand DNA or blood testing to determine whether he is the biological father of Child.[1] On January 8, 2015, after Appellant failed to appear for a hearing, the trial court dismissed Appellant's motion. On January 30, 2015, Appellant filed a petition for a video conference on his motion along with the same motion for DNA testing. On February 6, 2015, the trial court scheduled a hearing, which it conducted on April 15, 2015. On April 16, 2015, the court denied Appellant's motion. On April 28, 2015, Appellant timely filed a notice of appeal.[2]

Appellant raises the following issues for our review:

> 1. DID THE [TRIAL] COURT [ERR] IN FINDING THAT COLLATERAL ESTOPPEL APPLIED TO THIS CASE[?]
>
> 2. DID THE [TRIAL] COURT [ERR] WHEN THERE WAS EXPARTE COMMUNICATION, WHEN [MOTHER] FAILED TO COMPLY WITH COURT ORDER THAT INSTRUCTED HER TO APPEAR AT THE HEARING ON 04/15/15[?]

---

[1] On July 11, 2014, a jury convicted Appellant of several crimes, including ten counts of incest with a minor (complainant between thirteen and eighteen years of age). Child was the minor victim of Appellant's crimes. Appellant is appealing his criminal convictions at 144 MDA 2015. Appellant claims he is only contesting the paternity of Child because she would like to know who her true father is, and that the appeal has nothing to do with his convictions. N.T., 4/15/2015, at 24. Child, however, did not appear at the paternity hearing.

[2] Both Appellant and the trial court complied with Pa.R.A.P. 1925.

3. DID THE [TRIAL COURT ERR BY ADVOCATING] FOR THE COMMONWEALTH[?]

4. DID THE [TRIAL COURT ERR] BY MISAPPLYING THE PA. CASE LAW, WHEN THERE WAS NO PA. CASE LAW PRESENTED AT THE HEARING BY THE COMMONWEALTH[?]

5. DID THE COURT VIOLATE [APPELLANT'S] RIGHTS BY ONLY ALLOWING HIM TO TESTIFY BY WAY OF A PHONE WHEN THERE COULD HAVE BEEN A VIDEO HEARING AT THE LEAST[?]

6. DID THE [TRIAL COURT ERR] BY RELYING ON [AN] ALTERED DOCUMENT, THAT BEING THE [AOP] DOCUMENT THAT DID NOT HAVE [MOTHER'S] SIGNATURE ON IT, THEREFORE MAKING IT INADMISSIBLE[?]

Appellant's Brief at 1.

In his first issue, Appellant argues the court erred by finding the doctrine of paternity by estoppel precluded him from challenging Child's paternity when he could not be Child's father because he was incarcerated when Child was conceived, he did not meet Child until she was fifteen years old, and he never established a parent-child relationship with Child. We disagree.

We employ the following standard of review concerning paternity questions:

> In reviewing matters involving child support, we as an appellate court will not disturb a trial court order absent an abuse of discretion. ***Doran v. Doran***, 820 A.2d 1279, 1282 (Pa.Super.2003) (applying this standard of review to a case involving a question of paternity).
>
> An abuse of discretion exists if the trial court has overridden or misapplied the law, or if there is insufficient

> evidence to sustain the order. Moreover, resolution of factual issues is for the trial court, and a reviewing court will not disturb the trial court's findings if they are supported by competent evidence. It is not enough [for reversal] that we, if sitting as a trial court, may have made a different finding.

***Vargo v. Schwartz***, 940 A.2d 459, 462 (Pa.Super.2007) (some internal citations omitted).

"Under the doctrine of paternity by estoppel, a putative father who is not a child's biological father is estopped from challenging paternity after he has held himself out as the child's father or provided support." ***Ellison v. Lopez***, 959 A.2d 395, 397-98 (Pa.Super.2008); ***see also*** 23 Pa.C.S. § 5102(b)(2). In paternity actions, estoppel is:

> merely the legal determination that because of a person's conduct (e.g., holding out the child as his own, or supporting the child) that person, regardless of his true biological status, will not be permitted to deny parentage, nor will the child's mother who has participated in this conduct be permitted to sue a third party for support, claiming that the third party is the true father. As the Superior Court has observed, the doctrine of estoppel in paternity actions is aimed at achieving fairness as between the parents by holding them, both mother and father, to their prior conduct regarding the paternity of the child.

***Doran***, 820 A.2d at 1282-83.

Although Appellant claims that he has not held out Child to be his own, the record reflects that he signed the AOP, paid child support for almost eighteen years, and did not contest paternity until Child was seventeen years old.

The relevant statute regarding acknowledging paternity provides, in pertinent part:

### § 5103. Acknowledgment and claim of paternity

**(a) Acknowledgment of paternity.--**The father of a child born to an unmarried woman may file with the Department of Public Welfare, on forms prescribed by the department, an acknowledgment of paternity of the child which shall include the consent of the mother of the child, supported by her witnessed statement subject to 18 Pa.C.S. § 4904 (relating to unsworn falsification to authorities). In such case, the father shall have all the rights and duties as to the child which he would have had if he had been married to the mother at the time of the birth of the child, and the child shall have all the rights and duties as to the father which the child would have had if the father had been married to the mother at the time of birth. The hospital or other person accepting an acknowledgment of paternity shall provide written and oral notice, which may be through the use of video or audio equipment, to the birth mother and birth father of the alternatives to, the legal consequences of and the rights and responsibilities that arise from, signing the acknowledgment.

**(b) Claim of paternity.--**If the mother of the child fails or refuses to join in the acknowledgment of paternity provided for in subsection (a), the Department of Public Welfare shall index it as a claim of paternity. The filing and indexing of a claim of paternity shall not confer upon the putative father any rights as to the child except that the putative father shall be entitled to notice of any proceeding brought to terminate any parental rights as to the child.

\* \* \*

**(d) Conclusive evidence.--**Notwithstanding any other provision of law, an acknowledgment of paternity shall constitute conclusive evidence of paternity without further judicial ratification in any action to establish support. The court shall give full faith and credit to an acknowledgment

of paternity signed in another state according to its procedures.

**(e) Transfer.--**The Department of Health shall transfer to the Department of Public Welfare all acknowledgments or claims of paternity filed with the Department of Health under prior statutes.

\* \* \*

**(g) Rescission.--**

(1) Notwithstanding any other provision of law, a signed, voluntary, witnessed acknowledgment of paternity subject to 18 Pa.C.S. § 4904 shall be considered a legal finding of paternity, subject to the right of any signatory to rescind the acknowledgment within the earlier of the following:

(i) sixty days; or

(ii) the date of an administrative or judicial proceeding relating to the child, including, but not limited to, a domestic relations section conference or a proceeding to establish a support order in which the signatory is a party.

(2) *After the expiration of the 60 days, an acknowledgment of paternity may be challenged in court only on the basis of fraud, duress or material mistake of fact, which must be established by the challenger through clear and convincing evidence*. An order for support shall not be suspended during the period of challenge except for good cause shown.

\* \* \*

**(i) Status of father.--**The name of the father shall be included on the record of birth of the child of unmarried parents only if one of the following applies:

(1) The father and mother have signed a voluntary acknowledgment of paternity.

> (2) A court or administrative agency of competent jurisdiction has issued an adjudication of paternity.

23 Pa.C.S. § 5103 (emphasis added).

Although Appellant acknowledges that he signed the AOP, and that he did not contest signing the form within sixty days, he claims he was fraudulently induced into signing it. Specifically, he avers that Mother told him that he had to sign the form so that she would be eligible for Welfare, and that he did not read the form before signing it.

"When allegations of fraud arise in a paternity action, an estoppel analysis must proceed in a different manner than it would without such averments." *Doran*, 820 A.2d at 1279 (quoting *McConnell v. Berkheimer*, 781 A.2d 206, 211 (Pa.Super.2001)). "Evidence of fraud 'must be considered by the trial court in whether to apply paternity by estoppel.'" *Id.* (quoting *Sekol v. Delsantro*, 763 A.2d 405, 410 (Pa.Super.2000)).

This Court has adopted the traditional elements of fraud established in Pennsylvania:

> (1) a misrepresentation, (2) a fraudulent utterance thereof, (3) an intention by the maker that the recipient will thereby be induced to act, (4) justifiable reliance by the recipient upon the misrepresentation, and (5) damage to the recipient as the proximate result.
>
> * * *
>
> Fraud is practiced when deception of another to his damage is brought about by a misrepresentation of fact or by silence when good faith required expression. Fraud comprises anything calculated to deceive, whether by

- 7 -

single act or combination, or by suppression of truth, or suggestion of what is false, whether by direct falsehood or innuendo, by speech or silence, word of mouth, or look or gesture.

***R.W.E. v. A.B.K.***, 961 A.2d 161, 167-68 (Pa.Super.2008) (emphasis deleted).

Nothing indicates Appellant was fraudulently induced into signing the AOP. The only evidence of fraud Appellant presented was his own testimony that Mother induced him into signing the form, which he did not read or understand as being an AOP, to get welfare for Child. N.T., 4/15/2015, at 10-11. Appellant had a high school education and was literate when he signed the AOP, which clearly indicated that he acknowledged that he was the father of Child. ***Id.*** Nothing indicates that Mother, who was fourteen years old when Child was conceived, deceived Appellant into thinking he was Child's father.

The trial court properly considered Appellant's evidence of fraud before deciding to apply paternity by estoppel. It reasoned:

> The [c]ourt does not accept the credibility of [Appellant] as to fraud in his signing of the acknowledgment. The form is a simple and straight forward [AOP] so we do not believe [A]ppellant's claim that he signed the form so [Mother], also a minor, could obtain welfare benefits.
>
> Further, [Appellant] for years, had paid child support and had [Child] on his medical and dental insurance.

Trial Court Opinion, filed August 20, 2015, at 4.

The trial court's findings are supported by competent evidence of record, and we see no abuse of discretion. Accordingly, Appellant's first claim fails.

In his final five issues, Appellant challenges the propriety of the trial court hearing on his motion to compel paternity testing. Specifically, he claims the court erred by allowing the trial to proceed without Mother, which denied Appellant his right to confront witnesses against him. He claims the trial court erred by advocating for the Commonwealth when the Commonwealth was not there to present any evidence or case law against Appellant. He further claims that he should have had a video conference instead of a phone conference and that the AOP was not valid because Mother did not sign it. Appellant's issues merit no relief.

Appellant seems to be confusing his criminal case with the present civil case that is before this Court. Although a criminal defendant has the right to confront witnesses against him,[3] Appellant is a civil plaintiff in this case. He is demanding a paternity test. He is accusing Mother of fraud. The Commonwealth is not a party, and Mother was not a witness against Appellant. Further, Appellant does not have a statutory right to come into court to have his paternity determined, and he has no right to a criminal trial on the issue of paternity. *See In re Estate of Greenwood*, 587 A.2d 749,

_____

[3] *See Commonwealth v. Atkinson*, 987 A.2d 743, 745 (Pa.Super.2009).

754 (Pa.Super.1991) ("The statute…provides a device affording both the father and mother the right to acknowledge paternity. The statute does not afford the father the right to come into court to have his paternity determined."); **Minnich v. Rivera**, 506 A.2d 879, 880 (Pa.1986), *aff'd,* 483 U.S. 574, 107 S.Ct. 3001, 97 L.Ed.2d 473 (1987).

Regarding Appellant's contention that the AOP was not valid and thus was improperly admitted into evidence, he has admitted to signing the AOP and acknowledging he is Child's father. The statute provides that if the father signs the AOP, he has all of the ***rights and duties*** as to the child which he would have had if he had been married to the mother at the time of birth. 23 Pa.C.S. § 5103(a). The statute also provides that if the mother of a child fails to or refuses to join in the acknowledgment of paternity, the father will only be conferred the ***right*** to notice of any proceeding to terminate his parental rights; however, it does not provide that the father no longer has the duties he incurred by signing the AOP. 23 Pa.C.S. § 5103(b). Thus, the AOP, which Appellant admitted signing, was properly admitted into evidence. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>1/28/2016</u>