DLD-025                                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3175
_____

FRANK FORBA,
                                                Appellant

v.

THOMAS JEFFERSON UNIVERSITY HOSPITAL
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-15-cv-01722)
District Judge:  Honorable Mark A. Kearney
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 27, 2016

Before:  CHAGARES, VANASKIE and KRAUSE, Circuit Judges

(Opinion filed: November 22, 2016)
_____

OPINION[*]
_____

PER CURIAM

Frank Forba appeals from the District Court's order granting the motion of

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Thomas Jefferson University Hospital ("Jefferson") to enforce the parties' settlement agreement. We will affirm.

## I.

Forba was employed by Jefferson from 2001 until 2012. During that time, he took several periods of leave under the Family Medical Leave Act ("FMLA") for depression and anxiety. Jefferson terminated Forba in 2012 on the ground that he violated Jefferson's attendance policy. Forba, through counsel, later filed suit alleging that Jefferson actually terminated him in retaliation for taking FMLA leave. The parties engaged in discovery, and Jefferson filed a motion for summary judgment raising several arguments. Among them was an argument that Forba's suit was untimely under the FMLA's two-year statute of limitations because Jefferson terminated his employment on May 4, 2012, but he did not file suit until April 2, 2015. Forba did not respond to Jefferson's motion.

Against this backdrop, the parties engaged in a settlement conference before a Magistrate Judge. At the conference, the parties orally agreed to a settlement under which Jefferson would pay Forba $1,000 in exchange for a full release of his claims. Jefferson also agreed to draft and forward to Forba's counsel a written settlement agreement to that effect. The Magistrate Judge reported the parties' agreement to the District Court, and the District Court entered an order dismissing the action on that basis.

Approximately two months later, Jefferson filed a motion to enforce the oral settlement agreement. Jefferson asserted that it had forwarded a written settlement

2

agreement to Forba's counsel but that Forba's counsel reported that Forba refused to sign it. Forba filed a counseled response in opposition. Forba attached a declaration stating that, "[a]lthough the terms of the settlement were explained to me by [Forba's counsel] and [the Magistrate Judge], I was confused and anxious and because of that I agreed to the settlement terms without fully understanding the matter." (ECF No. 24-1 at 1-2 ¶ 7.)

The District Court then conducted a two-day evidentiary hearing, at which Jefferson's counsel, Forba's counsel and Forba himself all testified. Jefferson's counsel testified that, when she called Forba's counsel to follow up on the settlement agreement, he told her that Forba would not sign it because he had "changed his mind." Jefferson's counsel also testified that Forba did not appear anxious during the conference, and both Jefferson's counsel and Forba's counsel testified that the Magistrate Judge fully reviewed the terms of the settlement with the parties. Forba testified that his anxiety prevented him from understanding the settlement, but he agreed that he did not raise the issue of his anxiety or inability to understand with the Magistrate Judge. He also testified that his anxiety did not prevent him from understanding what occurred during his previous deposition or at the evidentiary hearing itself.[1]

---

[1] During the first day of the hearing, concerns arose regarding a potential conflict between Forba and his counsel as to the settlement. In light of those concerns, the District Court continued the hearing for approximately one and a half months to give Forba an opportunity to consult with different counsel. Forba consulted with different counsel but, when the hearing resumed, Forba elected to proceed pro se.

After the hearing, the District Court entered an order granting Jefferson's motion and deeming the parties' oral settlement agreement enforceable. The District Court explained that it found not credible Forba's testimony that he did not understand the settlement when he agreed to it at the conference and concluded that Forba had merely changed his mind. Forba appeals pro se.[2]

## II.

Forba has filed a response on the issue of possible summary action or dismissal of this appeal, along with several motions and other documents with this Court. Forba's filings, however, are devoted almost entirely to his underlying claims and barely mention the settlement that is the only issue on appeal. Forba's only mention of the settlement is in his supplement to his motion to stay the District Court's order. In that filing, he asserts that "I did not agree to any of the terms and conditions" and "I did not agree to settle my case with Jefferson Hospital for $1000.00[.]" (Appellant's Supp. Mot. to Stay at 1) (emphasis added). Those assertions are at odds with Forba's declaration and testimony below, and he provides no support for them. Nor has he raised anything calling the District Court's enforcement of the settlement into question. Nevertheless, we have

---

[2] We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's findings of fact for clear error and its legal conclusions de novo. See Coltec Indus., Inc. v. Hobgood, 280 F.3d 262, 269 (3d Cir. 2002). After filing his notice of appeal, Forba filed a motion for reconsideration and other relief. The District Court denied that motion for lack of jurisdiction, but Forba did not file another or an amended notice of appeal as required to challenge that ruling, see Fed. R. App. P. 4(a)(4)(B)(ii), and his time to do so has expired. For the District Court's benefit, however, we note that district courts retain

4

reviewed the available record[3] and will affirm primarily for the reasons explained by the District Court. We add only three observations. First, under applicable Pennsylvania law, one of the factors that is relevant in determining a person's mental competence to enter into a settlement and release is the amount paid for the release. See Taylor v. Avi, 415 A.2d 894, 897 (Pa. Super. Ct. 1979). At the time of the settlement in this case, Forba was seeking almost four years of backpay and reinstatement to his position. Thus, it may seem implausible at first blush that Forba would have knowingly released these claims in exchange for $1,000.

The District Court did not expressly address this issue. As the District Court explained, however, the parties' settlement discussions occurred against the backdrop of Jefferson's motion for summary judgment. That motion raised several potentially dispositive arguments to which Forba never responded, and it could have resulted in a complete judgment in Jefferson's favor. It is not implausible that Forba would have released his claims for $1,000 against that backdrop.

Second, it appears that Forba submitted to the District Court a potentially relevant note from a therapist but that the District Court did not admit it into evidence. In its

---

jurisdiction to consider timely motions for reconsideration under Fed. R. Civ. P. 59(e) notwithstanding the filing of a notice of appeal. See Fed. R. App. P. 4(a)(4)(B)(i).
[3] Only the first day of the hearing has been transcribed. Forba neither ordered the complete transcript as required by Fed. R. App. P. 10(b)(1), nor filed a motion for transcripts at the Government's expense. In any event, Forba has not raised any argument requiring review of the complete transcript, and we see nothing suggesting that such review might provide a basis for disturbing the District Court's ruling.

5

opinion, the District Court stated that Forba hand-delivered several documents shortly before the second day of the hearing and that the documents included " a handwritten note of a therapist allegedly treating Mr. Forba for several years but who only reported Mr. Forba's statements to her after our first hearing." (ECF No. 29 at 5.) The District Court further explained that Forba attempted to offer the documents into evidence but that it sustained Jefferson's objection because the documents were not probative of Forba's understanding of the settlement. (Id.)

The note to which the District Court referred appears to be the same undated, handwritten note attached to Forba's motion for reconsideration at ECF No. 35-1, page 46. That note is from a therapist who treated Forba both before and after the settlement conference. As the District Court observed, the note largely reports Forba's own statements to the therapist that his anxiety during the settlement conference prevented him from understanding the settlement. The note closes, however, with the assertion that "[t]he impact of [Forba's] anxiety on his absorption of information at the settlement conference obstructed his goal of pursuing a just outcome." Forba's therapist, whom Forba did not call as a witness, did not explain the basis for forming any independent opinion to that effect and did not affirmatively opine that Forba did not understand the settlement on the day of the settlement conference.

The District Court did not specifically discuss that statement. Even if the District Court should have admitted the note into evidence, however, any error in that regard was harmless. As the District Court explained, "a person's mental capacity is best determined

by his spoken words and his conduct, and . . . the testimony of persons who observed such conduct on the date in question out-ranks testimony as to observations made prior to and subsequent to that date." Sobel v. Sobel, 254 A.2d 649, 651 (Pa. 1969); see also Elliott v. Clawson, 204 A.2d 272, 273 (Pa. 1964) (rejecting medical testimony that contracting part was not competent where, inter alia, the witness "did not examine him on the day of the conveyance").

In this case, Jefferson's counsel testified that Forba did not appear anxious at the settlement conference. The only evidence that Forba was unable to understand the settlement was his testimony to that effect, but Forba also testified that he did not raise that issue with the Magistrate Judge and that his anxiety had not prevented him from understanding other stages of the proceeding. Thus, the District Court found Forba's testimony regarding a lack of understanding not credible and concluded that Forba had simply changed his mind. To the extent that the note from Forba's therapist can be read to express an independent opinion on these matter, it is too conclusory to support a contrary finding.

Finally, as the District Court appreciated, the mere fact that Forba may have suffered from depression and anxiety in general does not require the conclusion that he did not understand the settlement. "Mere mental weakness, if it does not amount to inability to comprehend the contract, and is unaccompanied by evidence of imposition or undue influence, is insufficient to set aside a contract." Estate of McGovern v. Commw. State Emps.' Ret. Bd., 517 A.2d 523, 526 (Pa. 1986) (quotation marks omitted),

7

overruled in part on other grounds by <u>Leon E. Wintermyer, Inc. v. Workers Comp. App. Bd.</u>, 812 A.2d 478 (Pa. 2002). Forba presented no such evidence in this case.

III.

For these reasons, we will affirm the judgment of the District Court. Forba's pending motions are denied.