CLD-276                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1840
_____

FRANK FORBA,
                                        Appellant

v.

THOMAS JEFFERSON UNIVERSITY HOSPITAL
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-15-cv-01722)
District Judge:  Honorable Mark A. Kearney
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 8, 2017

Before:  SHWARTZ, NYGAARD and FISHER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: June 21, 2017)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Frank Forba, proceeding pro se, appeals an order of the United States District Court for the Eastern District of Pennsylvania denying a motion to reconsider the denial of a post-judgment motion related to his unlawful termination action. We will affirm the judgment of the District Court.

Forba, through counsel, filed a complaint against his former employer, Thomas Jefferson University Hospital, claiming that he was terminated in retaliation for taking leave under the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. At a conference before a Magistrate Judge, the parties orally agreed to a settlement. The Hospital agreed to send a written settlement agreement to Forba's counsel. The Magistrate Judge reported the parties' agreement to the District Court and the District Court dismissed the action. Thereafter, Forba would not sign the written settlement agreement. The Hospital filed a motion to enforce the oral agreement. After a hearing, the District Court granted the Hospital's motion. We affirmed on November 22, 2016. Forba v. Thomas Jefferson Univ. Hosp., 666 F. App'x 106 (3d Cir. 2016) (per curiam) (non-precedential).

On March 13, 2017, Forba filed a motion requesting "a new hearing on [his] entire case to be under the Americans with Disabilities Act . . . because of legal malpractice issues with [his] former attorney. . . ." The District Court construed the motion as seeking to sue his former counsel for negligence and denied the request. The District Court noted that the matter was closed and that it otherwise lacked subject matter jurisdiction over a possible negligence claim between two Pennsylvania citizens.

2

Forba filed a timely motion for reconsideration of the order and attached a letter from the Pennsylvania Supreme Court Disciplinary Board reflecting that he had filed a complaint against his former attorney. The District Court denied the motion, stating that it found no basis to reopen a matter closed following this Court's affirmance and reiterating that it lacked subject matter jurisdiction over a dispute between two Pennsylvania citizens not raising a federal question. Forba appeals the denial of his motion for reconsideration.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We generally review the denial of a motion for reconsideration for abuse of discretion, and to the extent the District Court's decision is predicated on an issue of law, our standard of review is plenary. Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013).

Forba's brief motion asked the District Court to reconsider its denial of his request for a new hearing based on his former attorney's alleged malpractice. Forba's request for a new hearing reflects that he wished to pursue a claim under the Americans with Disabilities Act. Forba asserts in his notice of appeal that his attorney, among other things, failed to amend his complaint and bring such a claim.

Forba's complaints about his attorney are not properly before the District Court, nor do they provide a basis to reopen the final judgment issued in his case. See Fed. R. Civ. P. 60(b) (setting forth grounds for relief from a final judgment); Budget Blinds, Inc. v. White, 536 F.3d 244, 255 (3d Cir. 2008) (extraordinary circumstances are required for relief under Rule 60(b)(6)). Forba did not show in his motion for reconsideration that the

3

District Court erred in denying a new hearing or that there was an intervening change in law or new evidence warranting relief. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam) (stating grounds for motion for reconsideration). To the extent Forba's notice of appeal may be construed as seeking to appeal the denial of his motion for a new hearing, the District Court did not abuse its discretion. See Brown v. Philadelphia Hous. Auth., 350 F.3d 338, 342 (3d Cir. 2003) (stating standard of review of denial of Rule 60(b) motion).

Because this appeal does not raise a substantial question, we will summarily affirm the judgment of the District Court. Forba's motion for appointment of counsel is denied as he has not shown that he has a claim of arguable merit. Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).